**STATE of Missouri, Respondent,**

v.

**Walter H. THOMAS, Appellant.**

**No. WD 53912.**

Missouri Court of Appeals, Western District.

June 16, 1998.

Rosalynn Koch, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel G. Cierpiot, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, C.J., P.J., and BRECKENRIDGE and SMART, JJ.

ULRICH, Chief Judge, Presiding Judge.

Walter Thomas appeals his conviction for driving while intoxicated, section 577.010, RSMo 1994, and sentence of three years imprisonment. Mr. Thomas' sole point on appeal is that the trial court erred in admitting into evidence Department of Revenue records reflecting two prior convictions for driving while intoxicated. He asserts that those records lacked foundation to establish the facts of the prior convictions because the records were competent only to certify proceedings of the administrative agency and were incompetent to prove the facts asserted by the records in a judicial proceeding. The judgment of conviction is affirmed.

## FACTS

Officer Marcus Smith was working pursuant to a grant issued by the State of Missouri for the purpose of arresting drunk drivers on June 4, 1995, at about 1:10 a.m. Officer Smith was driving eastbound on 9th Street behind Walter Thomas's car within Kansas City, Missouri. Officer Smith stopped Mr. Thomas, administered a field sobriety test and arrested Mr. Thomas for driving while intoxicated in violation of section 577.010. Mr. Thomas contests neither the validity of the stop nor the validity of the arrest. Mr. Thomas agreed to take a breath test to determine the alcohol content within his blood; the test results showed that Mr. Thomas' blood then had a .121% blood alcohol content.

Mr. Thomas was charged with driving while intoxicated, section 577.010, RSMo 1994, as a prior offender. At trial, over Mr. Thomas's objection (contrary to the state's claim that Mr. Thomas failed to make such objection), the state introduced an affidavit from the Department of Revenue showing Mr. Thomas was found guilty of driving while intoxicated on June 5, 1990, and on September 24, 1991, contrary to the state's claim that Mr. Thomas failed to make such objection. Mr. Thomas did not present any evidence on his behalf. The jury found Mr. Thomas guilty of driving while intoxicated and the court sentenced Mr. Thomas as a prior offender to a term of three years imprisonment. This appeal followed.

## THE DEPARTMENT OF REVENUE RECORDS REFLECTING MR. THOMAS'S PRIOR CONVICTIONS FOR DRIVING WHILE INTOXICATED SATISFIED THE EVIDENTIARY REQUIREMENTS OF SECTION 577.023

As his sole point on appeal, Mr. Thomas argues that the trial court erred by admitting into evidence Department of Revenue records reflecting two prior convictions for driving while intoxicated. Mr. Thomas argues that the records lacked foundation to establish the facts of his prior convictions because the records were competent only to certify proceedings of the administrative agency and were incompetent to prove the facts asserted by the documents in a judicial proceeding. The state argues that Mr. Thomas failed to preserve his challenge to the administrative records on these grounds, and thus, Mr. Thomas's appeal must fail.

The state claims that Mr. Thomas failed to preserve the point. Whether Mr. Thomas preserved his claim for appeal is first determined. A party on appeal is held to the specific objections presented to the trial court. *State ex rel. Selby v. Day*, 929 S.W.2d 286, 288 (Mo.App.1996) (citing *Robinson v. Empiregas Inc. of Hartville*, 906 S.W.2d 829, 836 (Mo.App.1995). As the court in *Selby* noted:

Because an appellate court is not a forum in which new points will be considered, but is merely a court of review to determine whether the rulings of the trial court, as there presented, were correct, a party seeking the correction of error must stand or fall on the record made in the trial court, thus it follows that only those objections or grounds of objection which were urged in the trial court, without change and without addition, will be considered on appeal.

*Id.*

At trial, Mr. Thomas objected to the admission of the Department of Revenue records on numerous grounds including lack of

**356**

foundation. He argued before the trial court that foundation was lacking because:

> The certification only certified these are true and accurate records of the information they have at the Department of Revenue, it does not certify that the information contained with the records itself is actually truthful if [sic] itself. It certified they have a copy of this documentation at the State. There is no evidence here on the certification itself of the conviction for driving while intoxicated or the fact that the judge was a lawyer and, in fact, he was represented by counsel or waived his right to counsel. Second of all, there has been no proper foundation laid in regards to the documentation within that fact, the record here is a true and accurate record of the convictions themselves.

The thrust of Mr. Thomas's objection before the trial court was that the Department of Revenue records lacked proper foundation to establish the fact of his prior convictions for driving while intoxicated. Mr. Thomas's argument on appeal, that the records of the Department of Revenue are not competent to prove judicial proceedings, was, therefore, preserved by his objection at the trial court.

 Whether the admission of the records of the Department of Revenue was sufficient to establish Mr. Thomas's prior convictions for driving while intoxicated is next determined. Section 302.312 provides:

> Copies of all papers, documents, and records lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health and copies of any records, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state and in all administrative proceedings.

§ 302.312, RSMo Supp.1995. The plain language of section 303.312 provides that records of the Department of Revenue are admissible in all Missouri courts. Because section 303.312 authorizes the evidentiary use of Department of Revenue records without limitation, Department of Revenue records may be introduced in criminal proceedings such as the one brought by the state against Mr. Thomas. Accordingly, the Department of Revenue records were admissible in the criminal proceedings against Mr. Thomas.

 Having determined that the Department of Revenue records were admissible as evidence in the state's case against Mr. Thomas, whether the records were sufficient to prove Mr. Thomas's prior convictions is determined. Section 577.023, RSMo 1994, provides for enhanced punishment for "persistent offenders," which are defined as individuals who have "pleaded guilty to or ha[ve] been found guilty of two or more intoxication-related traffic offenses, where such two or more offenses occurred within ten years of the occurrence of the intoxication-related traffic offense for which the person is charged." § 577.023.1(2), RSMo 1994. The evidence of prior convictions "shall be heard and determined by the trial court out of the hearing of the jury prior to the submission of the case to the jury, and shall include but not be limited to evidence of convictions received by a search of the records by the Missouri uniform law enforcement system maintained by the Missouri state highway patrol." § 577.023.5(14), RSMo 1994.

The Department of Revenue records satisfied the evidentiary requirements of section 577.023.5(14). While the legislature specifically authorized records of the Missouri Uniform Law Enforcement System maintained by the Missouri state highway patrol, the legislature did not limit the evidence of prior convictions to the MULES system. As evinced by the statutory language "but not be limited to," the legislature recognized that other sources of evidence would contain sufficient indicia of reliability to establish the existence of prior convictions for driving while intoxicated. Like the MULES system, the Department of Revenue records contain the requisite indicia of reliability to satisfy the evidentiary requirements of section 577.023. The Department of Revenue records reflect prior convictions for driving while intoxicated just as the MULES system reflects prior convictions for driving while intoxicated. As the trial judge noted, the Department of Revenue records evinced that Mr. Thomas was convicted of two municipal violations for driving while intoxicated and

both those convictions were appealed to and affirmed by the Jackson County Circuit Court. The Department of Revenue records, therefore, explicitly established that Mr. Thomas was twice convicted of driving while intoxicated. If the Department of Revenue records were erroneous, it was incumbent on Mr. Thomas to introduce evidence establishing that no such convictions occurred. Mr. Thomas, however, does not dispute the fact of his prior convictions. Because the Department of Revenue records contained sufficient indicia of reliability to establish the existence of Mr. Thomas's prior convictions for driving while intoxicated, the state satisfied their burden of proving Mr. Thomas was a persistent offender under section 577.023.5(14). The trial court, therefore, did not err in permitting the introduction as evidence of the Department of Revenue records reflecting Mr. Thomas's two prior driving while intoxicated offenses as proof of his persistent offender status under section 577.023.1(2). The point is denied.

The judgment of conviction is affirmed.

All concur.