**STATE of Missouri, Respondent,**

v.

**Zachary MILLER, Appellant.**

**No. 26160.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 21, 2005.

Bruce Galloway, Springfield, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel N. McPherson, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT S. BARNEY, Judge.

Following a bench trial, Appellant, Zachary Miller ("Defendant"), was convicted of the Class D felony of driving while intoxicated, in violation of section 577.010.[1] Pursuant to section 577.023, the trial court sentenced Defendant, as a prior and persistent offender, to four years imprisonment but suspended the execution of the sentence and placed him in a five year supervised probation program with special conditions.

As best we discern Defendant's sole point on appeal, he contends the State failed to prove he was a *persistent* offender under section 577.023.1(2), and requests the case be remanded solely for the purpose of re-sentencing him as a prior offender.[2] Defendant asserts the trial court

---

1. Unless otherwise stated, all statutory references are to RSMo 2000.

2. Section 577.023.1(3) provides that:

A **"prior offender"** is a person who has pleaded guilty to or has been found guilty of one intoxication-related traffic offense, where such prior offense occurred within five years of the occurrence of the intoxi-

cation-related traffic offense for which the person is charged.

In pertinent part, section 577.023.1(2) provides that:

A **"persistent offender"** is one of the following:

(a) A person who has pleaded guilty to or has been found guilty of two or more intoxication-related offenses, where such two or

erred in overruling his objection that State's Exhibit 2 lacked relevance, because it did not demonstrate the underlying Springfield municipal ordinance violation contained the same elements required by section 577.010. Accordingly, he asserts the trial court had no basis for finding the violation to be an "intoxication-related traffic offense" in determining he was a prior *and persistent* offender under section 577.023.[3]

We preliminarily note the record does not contain a copy of the municipal ordinance by which Defendant challenges the determination that he was improperly found to be a persistent offender. While we are unable to determine the ordinance's exact wording, our perusal of State's Exhibit 2, in conjunction with our review of the transcript, throws light upon the substance of the municipal ordinance under which Defendant was charged and found guilty of an intoxicated related traffic offense.[4]

The record reveals that on September 20, 2003, at approximately 11:57 p.m., Greene County Deputy Brian Archer observed a vehicle cross the center line and then make a turn without signaling. Deputy Archer initiated a traffic stop of the vehicle, a 1997 red Ford pickup, at Farm Road 80 and Lakewood Street in Greene County, Missouri. He identified the driver as Defendant and noted a moderate odor of intoxicants. Upon questioning, Defendant, who was twenty years old at the time, admitted to having consumed two beers that evening. Deputy Archer administered three field sobriety tests: walk and turn, one leg stand, and horizontal gaze nystagmus, all of which Defendant failed. After placing Defendant under arrest, Deputy Archer searched the vehicle and found a twelve-pack box of beer containing four unopened cans. At the Greene County Jail, Defendant refused to provide a breath sample.

A felony complaint was filed in Greene County Circuit Court on October 28, 2003, charging Defendant with the Class D felony of driving while intoxicated in violation of section 577.010. The complaint also alleged Defendant was a prior and persistent offender under section 577.023, based on an October 15, 2002, guilty plea to a DWI charge entered in the Associate Divi-

more offenses occurred within ten years of the occurrence of the intoxication-related offense for which the person is charged[.]

**3.** In pertinent part, section 577.023.1(1) provides that:

An **"intoxicated-related traffic offense"** is driving while intoxicated ... or driving under the influence of alcohol or drugs in violation of state law or a county or municipal ordinance, where the judge in such case was an attorney and the defendant was represented by or waived the right to an attorney in writing.

Section 577.010.1 provides that:

A person commits the crime of **"driving while intoxicated"** if he operates a motor vehicle while in an intoxicated or drugged condition.

**4.** The transcript reveals the trial court referred to Exhibit 2 as being "a certified copy of a court docket sheet from the municipal court of Springfield, Missouri." In the legal file submitted to this Court by Defendant, Exhibit 2 also sets out a "Complaint & Information—Missouri Uniform Complaint and Summons," dated March 23, 2002, describing a charge filed in the "Municipal Court of Springfield, Missouri," of "(First) Driving While Intoxicated" and being "In violation of 106–205." The "ORD" box was checked, denoting ordinance, and under the words "DID UNLAWFULLY," the box "OPERATE" was checked. Additionally, the exhibit contains a "PLEA OFFER/AGREEMENT", showing Defendant pled guilty to a DWI charge. The same sheet contains a paragraph stating it is a "COURT ORDER" and showing that the plea was "incorporated as a docket entry and APPROVED by the court as its judgment" on August 6, 2002.

sion of the Circuit Court of Greene County; and an August 6, 2002, guilty plea to a DWI charge entered in the Municipal Court of the City of Springfield. Defendant's case went to trial on January 28, 2004.

At a pretrial hearing, the trial court took evidence on Defendant's prior convictions. The State offered Exhibit 1, the Greene County DWI, which was admitted without objection. Defense counsel objected to Exhibit 2—the City of Springfield DWI conviction—as irrelevant "to the issue of whether this is a predicate prior for this offense."

The trial court found Defendant to be a prior *and* persistent offender beyond a reasonable doubt. Defendant then waived his right to a jury trial and proceeded with a bench trial. Defendant was found guilty of the Class D felony of driving while intoxicated beyond a reasonable doubt and later sentenced as related above. This appeal followed.

■■■ Defendant ultimately attacks the sufficiency of the evidence to support his sentence as a persistent offender. *See State v. Gibson,* 122 S.W.3d 121, 126 (Mo. App.2003). "The appellate court reviews the sufficiency of the evidence in a court-tried criminal case by applying the same standard used in a jury-tried case." *State v. Anderson,* 107 S.W.3d 447, 450 (Mo.App. 2003). Trial courts have broad discretion over questions regarding relevance and admissibility of evidence. *State v. Bradley,* 57 S.W.3d 335, 340 (Mo.App.2001). We will not overturn those decisions unless the court has clearly abused its discretion. *Id.* Judicial discretion is abused only when the trial court's ruling is clearly against the

logic of the circumstances and so arbitrary and unreasonable as to shock the sense of justice. *State v. Moore,* 88 S.W.3d 31, 36 (Mo.App.2002). Statutory interpretation, however, is a question of law which this Court reviews *de novo. State v. Harney,* 51 S.W.3d 519, 532 (Mo.App.2001).

■■■ When determining whether the judgment in a court-tried case is supported by the evidence, the appellate court considers whether there is sufficient evidence for a reasonable finder of fact to have found the defendant guilty beyond a reasonable doubt. *State v. Bewley,* 68 S.W.3d 613, 617 (Mo.App.2002) Evidence is "sufficient" when the trier of fact could reasonably find the issue in conformity with the verdict. *Id.*

Missouri law establishes that municipal DWI convictions may be used to prove a defendant's prior and persistent status. *State v. Haskins,* 950 S.W.2d 613, 615 (Mo. App.1997); § 577.023.14;[5] *see also State v. Meggs,* 950 S.W.2d 608, 609–10 (Mo.App. 1997).

Citing *Gibson,* 122 S.W.3d 121, Defendant argues that State's Exhibit 2 was not relevant and should not have been admitted because it failed to show that the municipal ordinance that Defendant violated had the same elements as set out in section 577.010, i.e., "operates a motor vehicle while in an intoxicated or drugged condition," and, therefore, the State's proof was insufficient to support an enhancement of his penalty as a persistent offender under section 577.023.

In *Gibson,* the appellate court determined that the Kansas City municipal ordi-

---

**5.** Section 577.023.14 reads, in pertinent part: A conviction of a violation of a municipal or county ordinance in a county or municipal court for driving while intoxicated or a conviction or a plea of guilty or a finding of guilty followed by a suspended imposition of sentence, suspended execution of sentence, probation or parole or any combination thereof in a state court shall be treated as a prior conviction.

nance making it illegal to be in *physical control* of a motor vehicle while under the influence of alcohol and could not be used to enhance the *Gibson* defendant's punishment under the persistent offender provisions of section 577.023.[6] *Id.* at 126. That finding was based on the 1996 amendment to section 577.001.1, discussed in footnote 6, which removed the phrase "actual physical control" from the definition of either "drive," "driving," "operates," or "operating" under Chapter 577. The *Gibson* court determined that since state law no longer prohibited a person from being in actual physical control of a motor vehicle while intoxicated, the municipal violation charging that conduct could no longer be considered an intoxicated-related traffic offense that would trigger sentencing as a persistent offender under section 577.023. *Id.* at 128–29.

However, *Gibson* is distinguishable from this case on its facts. From our review of the "Complaint & Information" which also constitutes part of Exhibit 2, it reveals four boxes indicating the unlawful act for which a motorist may be cited. The options are: "(1) operate, (2) park, (3) A.C.M.V., or (4) with Haz. Mat." It is not clear from the record whether the term "A.C.M.V." stands for "Actual Control of a Motor Vehicle."

In *Gibson*, the defendant was cited for being in physical control of a vehicle while under the influence of alcohol. *Gibson*, 122 S.W.3d at 127. In the instant matter, however, Exhibit 2 reveals the deputy sheriff checked the box "operate", denoting the unlawful operation of a vehicle, which comports with the statutory defini-

tion of "driving," as defined in section 577.001.1.

As previously set out, section 577.010.1 provides that "[a] person commits the crime of 'driving while intoxicated' if he operates a motor vehicle while in an intoxicated or drugged condition." The "Complaint & Information," written out by Deputy Archer, sets out that Defendant "did unlawfully operate" a "vehicle," "and then and there committed the following offense: Driving While Intoxicated." The verbiage on the citation appears to this Court to recount all the necessary elements of section 577.010.1 in its amended form. *See Anderson*, 107 S.W.3d at 450 ("the statutory definition of the term 'operate' is found in [s]ection 577.001.1, which states that a person 'operates' a motor vehicle by 'physically driving or operating a motor vehicle.' ").

Furthermore, we reject defendant's argument that the underlying municipal offense was not sufficiently proven because the State did not present evidence as to the content of the municipal driving while intoxicated ordinance Defendant pled guilty to violating. For the reasons stated below, no such proof was required in order for the State to make a *prima facie* case for enhanced punishment based on this prior municipal conviction.

Pursuant to the express language of section 577.023.14, a trial court is authorized to find that a defendant is a prior or persistent offender, as defined by this statute, based upon "evidence of convictions received by a search of the records of the Missouri uniform law enforcement system ["MULES"] maintained by the Missouri state highway patrol." Thus, MULES in-

6. We note that in *Cox v. Director of Revenue*, 98 S.W.3d 548, 550 (Mo. banc 2003), the Missouri Supreme Court held that removal of the "actual physical control" language from the definition of driving or operating a motor vehicle, narrowed its scope so that physical control of a vehicle alone no longer constituted "driving" for purposes of Chapter 577. *See also Gibson*, 122 S.W.3d at 128.

formation alone is sufficient to prove the existence of a prior conviction. In our view, section 577.023.14 demonstrates clear legislative intent to establish the minimum evidentiary burden which must be met by the State in order to make a *prima facie* showing that a prior conviction qualifies as a predicate offense for purposes of enhanced punishment.

Because the municipal offense to which Defendant pled guilty involved alcohol, information concerning this offense had to be entered as a MULES record. *See* §§ 302.225.1; 577.051.1. The specific information required to be entered into MULES is prescribed by statute and administrative regulation. Subsections 1 and 2 of section 577.051 state, in pertinent part, as follows:

> 1. A record of the disposition in any court proceeding involving ... violation of county or municipal ordinances involving alcohol—or drug-related driving offenses shall be forwarded to the Missouri state highway patrol, or at the written direction of the Missouri state highway patrol, to the department of revenue, within fifteen days by the clerk of the court in which the proceeding was held and shall be entered by the highway patrol or department of revenue in the Missouri uniform law enforcement system records. Dispositions that shall be reported are pleas of guilty, findings of guilty, suspended imposition of sentence, suspended execution of sentence, probation, conditional sentences, sentences of confinement, and any other such dispositions that may be required under state or federal regulations. *The record forwarded by the clerk shall clearly show the court, the court case number, the name, address, and motor vehicle operator's or chauffeur's license number of the person who is the subject of the proceeding, the code or number identifying the particular arrest, and*

> *any court action or requirements pertaining thereto.*
> 2. All records received by the Missouri state highway patrol or the department of revenue under the provisions of this section shall be entered in the Missouri uniform law enforcement system records and maintained by the Missouri state highway patrol. Records placed in the Missouri uniform law enforcement system under the provisions of this section shall be made available to any law enforcement officer in this state, any prosecuting or circuit attorney in this state, or to any judge of a municipal or state court upon request.

(Emphasis added.) Some additional information for MULES is required by 11 C.S.R. 30–2.010(2), which states:

> The record forwarded by the clerk to the Missouri State Highway Patrol involving any moving traffic violation conviction under the laws of this state, or county or municipal ordinance shall include, but not be limited to, *the court date, the court, the court originating agency identifier (ORI) number, court case number, the name, address, race, sex and motor vehicle operator's or chauffeur's license number of the person who is the subject of the proceeding, the code or number identifying the particular arrest, the case disposition and any court action or requirements pertaining to and including, but not limited to, pleas of guilty,* findings of guilty, suspended imposition of sentences, suspended execution of sentence, probation, conditional sentences and sentences of confinement. *The record forwarded by the clerk involving a violation of state law, or county or municipal ordinance regulating alcohol- and/or drug-related driving offenses shall include, in addition to the previously mentioned, the statute or ordinance number of the*

*charge and the appropriate state charge code for the offense.*

(Emphasis added.)

After examining State's Exhibit 2, we find it contains all the information that would be entered into MULES concerning Defendant's municipal conviction for driving while intoxicated. In particular, we note that, in conformity with the foregoing regulation, page 3 of State's Exhibit 2 describes the ordinance number of the charge: "Violation Code 2305–0 DRIVING WHILE INTOXICATED CC/SGF 106–205 FROM 22–84[.]" We can find no requirement in section 302.225, section 577.051 or 11 C.S.R. 30–2.010(2) that, for a conviction involving a municipal ordinance, a copy of the underlying ordinance itself must be furnished to MULES or entered into MULES. All that is required is the specific identification of the ordinance number of the charge. Here, that was supplied both on the traffic ticket issued to Defendant and on the municipal court document entitled "City of Springfield Municipal Court Ticket List" that was included as part of State's Exhibit 2.

In *State v. Thomas,* 969 S.W.2d 354 (Mo.App.1998), Thomas appealed from his conviction for driving while intoxicated on the ground that he was improperly sentenced as a persistent offender. The enhanced punishment was based upon Department of Revenue ("D.O.R.") records which showed two prior municipal convictions for driving while intoxicated. On appeal, Thomas contended these D.O.R. records were insufficient proof of his prior convictions. *Id.* at 355–56. The Western District of this Court rejected Thomas' argument for reasons we find applicable to the instant case. First, the appellate court noted that section 577.023.14 authorized enhanced punishment based upon evidence of convictions contained in MULES records. *Id.* at 356. Next, the court concluded that the D.O.R. records were sufficiently reliable to be admitted as proof of the two underlying municipal convictions for driving while intoxicated:

The Department of Revenue records satisfied the evidentiary requirements of section 577.023.5(14) [577.023.14]. While the legislature specifically authorized records of the Missouri Uniform Law Enforcement System maintained by the Missouri state highway patrol, the legislature did not limit the evidence of prior convictions to the MULES system. As evinced by the statutory language "but not be limited to," the legislature recognized that other sources of evidence would contain sufficient indicia of reliability to establish the existence of prior convictions for driving while intoxicated. Like the MULES system, the Department of Revenue records contain the requisite indicia of reliability to satisfy the evidentiary requirements of section 577.023. The Department of Revenue records reflect prior convictions for driving while intoxicated just as the MULES system reflects prior convictions for driving while intoxicated. As the trial judge noted, the Department of Revenue records evinced that Mr. Thomas was convicted of two municipal violations for driving while intoxicated and both those convictions were appealed to and affirmed by the Jackson County Circuit Court. The Department of Revenue records, therefore, explicitly established that Mr. Thomas was twice convicted of driving while intoxicated. *If the Department of Revenue records were erroneous, it was incumbent on Mr. Thomas to introduce evidence establishing that no such convictions occurred.* Mr. Thomas, however, does not dispute the fact of his prior convictions. Because the Department of Revenue records contained sufficient indicia of reliability to establish the existence of Mr.

Thomas's prior convictions for driving while intoxicated, the state satisfied their burden of proving Mr. Thomas was a persistent offender under section 577.023.5(14) [577.023.14]. The trial court, therefore, did not err in permitting the introduction as evidence of the Department of Revenue records reflecting Mr. Thomas's two prior driving while intoxicated offenses as proof of his persistent offender status under section 577.023.1(2).

*Id.* at 356–57 (emphasis added).

We reach the same conclusion here. State's Exhibit 2 contained all of the information that would be entered into a MULES record concerning Defendant's municipal conviction for driving while intoxicated. Simply put, the content of Springfield City Ordinance 106–205 would not be a part of that record. Like the D.O.R. records in *Thomas,* the certified municipal courts records in State's Exhibit 2 contained sufficient indicia of reliability to be admitted for the purpose of establishing Defendant had a prior municipal conviction for driving while intoxicated. The admission of State's Exhibit 2 was sufficient to meet the State's *prima facie* burden of proving Defendant was a persistent offender within the meaning of section 577.023.1(2).

The admission of State's Exhibit 2, however, did not preclude Defendant from presenting his own evidence at the hearing for the purpose of demonstrating he was not, in fact, a persistent offender. *See* section 577.023.8 (guaranteeing a defendant's right, at a prior and/or persistent offender status hearing, to full rights of confrontation, cross-examination and the opportunity to present evidence). If Defendant believed ordinance 106–205 did not actually proscribe the act of driving while intoxicated in congruity with the then-existing requirements of section 577.010, it was incumbent on him to introduce evidence to that effect. *See Thomas,* 969 S.W.2d at 357. Defendant's failure to do so does not render State's Exhibit 2 inadmissible or insufficient to prove his status as a persistent offender.

Defendant's point is denied and the judgment and sentence of the trial court is affirmed.

PARRISH, P.J., dissents in separate opinion.

BATES, C.J., concurs.

JOHN E. PARRISH, Presiding Judge, dissenting.

I respectfully dissent. In order for Zachary Miller (defendant) to be guilty of driving while intoxicated as a persistent offender, the state had to plead and prove he had two prior intoxication-related driving offenses. Defendant argues on appeal that the state failed to prove one of the two prior offenses it alleged defendant committed. I agree with defendant's argument that the state did not prove one of the prior offenses.

One of the two prior offenses was a municipal ordinance violation from the City of Springfield, Missouri. However, the state presented no evidence of the content of the municipal ordinance in question. Without the ordinance having been put in evidence, the trial court was left to speculate as to what conduct defendant committed with respect to the municipal ordinance violation. Without the ordinance having been in evidence, there was no showing that the municipal ordinance violation defendant committed was an intoxication-related driving offense. The only way to determine the content of a municipal ordinance is for it to be placed in evidence or for the parties to have stipulated as to its elements. As *Rice v.*

*James,* 844 S.W.2d 64 (Mo.App.1992), explains:

As a general rule a court may not take judicial notice of the existence or contents of ordinances. *Consumer Contact Company v. State, Dept. of Revenue,* 592 S.W.2d 782, 785 (Mo.banc 1980). Rather, the trial court may recognize an ordinance only if it is admitted into evidence or stipulated to by the parties. *Queen of Diamonds, Inc. v. Quinn,* 569 S.W.2d 317, 319 (Mo.App.1978).

*Id.* at 68. *See also University City v. MAJ Investment Corp.,* 884 S.W.2d 306, 307 (Mo.App.1994). This did not occur.

The principal opinion suggests this shortcoming is overcome by the language of the citation that was issued to defendant. I disagree. It is the ordinance that establishes the elements of the offense for which defendant was previously convicted. The language of the citation is a *non sequitur* other than for the purpose of comparing its language at the trial for the municipal ordinance violation with the language of the ordinance in order to ascertain that the elements of the municipal offense have been correctly charged.

The principal opinion further suggests that because a conviction could be proven by a record maintained in MULES, and the same information that would have been submitted to MULES was available from the citation, the citation was sufficient to prove the municipal violation. The fallacy of this is that no MULES record was used to prove the municipal violation in question. The trial court was provided no proof that a MULES record existed.

The state failed to prove defendant was a persistent offender. I would reverse the conviction and remand the case to the trial court to permit the state the opportunity to prove the municipal conviction on which it relied was an intoxication-related driving offense and, if the state meets that burden, to sentence defendant as a persistent offender. If the state cannot meet its burden, defendant should be sentenced as a prior offender.