

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | WD78732 |
| v. | ) | |
| | ) | OPINION FILED: |
| | ) | August 16, 2016 |
| SIDNEY L. CLARK III, | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Jack R. Grate, Judge**

**Before Special Division:** Zel M. Fischer, Special Judge, Presiding,
Mark D. Pfeiffer, Chief Judge, and Gary D. Witt, Judge

Mr. Sidney L. Clark III ("Clark") was convicted of the class C felony of driving while intoxicated ("DWI") as an aggravated offender and of operating a motor vehicle without a valid license following a bench trial in the Circuit Court of Jackson County, Missouri ("trial court"). Clark appeals, challenging the admission and the sufficiency of the evidence to support his DWI conviction as an aggravated offender. We affirm.

**Factual and Procedural Background**[1]

On October 24, 2011, at 8:26 p.m., Missouri State Trooper Chadwick Kutzner observed a vehicle approaching his vehicle from behind and traveling at a high rate a speed. Trooper Kutzner activated his rear radar unit and determined the vehicle's speed to be 90 miles per hour in a 65 miles-per-hour zone. Once the vehicle passed Trooper Kutzner, he initiated a traffic stop on the vehicle, a red Ford Taurus operated by Clark. The traffic stop yielded a DWI citation, the underlying facts and conviction of which Clark does not contest.

The State charged Clark with the class C felony of DWI, § 577.010,[2] as an aggravated offender, § 577.023.1(1)(a), because the State contended that he had previously been found guilty of three intoxication-related traffic offenses.

At the bench trial, Clark did not contest that one of his prior intoxication-related traffic offenses—a 2008 DWI conviction from Sweet Springs, Missouri—could properly be considered by the trial court for "aggravated offender" evidentiary purposes. And, while Clark did not object to admission of exhibits reflecting his DWI convictions from Grandview, Missouri, and Parkville, Missouri, he did contest that the trial court could consider either of those convictions for "aggravated offender" evidentiary purposes. Clark also specifically objected to certain portions of the State's exhibits that contained within them alleged testimonial hearsay of law enforcement officers relating to the factual basis for Clark's convictions in the Grandview and Parkville DWI convictions. Finally, Clark offered into evidence the Grandview and Parkville DWI ordinances under which he was convicted.[3]

---

[1] As here, when a case is tried to the court on stipulated evidence, "[w]e view the evidence in the light most favorable to the verdict, and we ignore countervailing evidence." *State v. Todd*, 183 S.W.3d 273, 275 (Mo. App. W.D. 2005).

[2] All statutory references are to the Revised Statutes of Missouri 2000, as supplemented.

[3] The Grandview DWI ordinance stated: "No person who is under the influence of intoxicating liquor shall drive or be in actual physical control of any vehicle or railroad train." The Parkville DWI ordinance stated: "No person shall drive, operate[,] or be in actual physical control of any vehicle while he is in an intoxicated condition."

The trial court admitted all of the evidence submitted by the State and Clark at trial, overruled Clark's motions for judgment of acquittal at the close of the State's case and at the close of all the evidence, found Clark guilty of the aggravated offender DWI charge, and sentenced him to four years' imprisonment with suspended execution of sentence and three years' probation.

Clark timely appealed.

## Multifarious Point Relied On

Clark asserts three grounds for error in one point relied on. Clark claims evidentiary admission error, Confrontation Clause violations, and also makes a sufficiency-of-the-evidence challenge. Our review of each of these claims is guided by a different standard of review: abuse of discretion,[4] *de novo*,[5] and substantial evidence,[6] respectively. Hence, Clark's point relied on is multifarious and illustrates the reason why appellate briefing rules prohibit it. "Multiple claims of error in one point relied on render the point multifarious and violate Rule 84.04, made applicable to briefs in criminal appeals by Rule 30.06(c)." *State v. Robinson*, 454 S.W.3d 428, 437 n.6 (Mo. App. W.D. 2015). Generally, multifarious points preserve nothing for appellate review and are subject to dismissal. *Id.* However, because it is our preference to decide cases on the merits where we are able to decipher the argument being made by the appellant without becoming an advocate for the appellant, we are vested with the discretion to decline to dismiss the appeal and, instead, to decide the legal issue we believe is being presented. We are electing to exercise our discretion to do just that in this case. We caution appellant's counsel, however,

---

[4] "The admissibility of evidence lies within the sound discretion of the trial court and will not be disturbed absent abuse of discretion." *State v. Pickering*, 473 S.W.3d 698, 702 (Mo. App. W.D. 2015).

[5] Whether a trial court's ruling violates rights under the Confrontation Clause is a question of law that we review *de novo*. *See State v. Sauerbry*, 447 S.W.3d 780, 784 (Mo. App. W.D. 2014).

[6] In reviewing a sufficiency-of-the-evidence challenge, "we determine whether substantial evidence was adduced to support the trial court's finding." *State v. Wheeler*, 439 S.W.3d 241, 244 (Mo. App. W.D. 2014).

that we may not exercise our discretion as liberally in the future and remind counsel that the dictates of the appellate briefing rules are mandatory.

## Analysis

At issue, both below and on appeal, is Clark's challenge to the trial court's ability to consider the Grandview and Parkville DWI convictions for "aggravated offender" evidentiary purposes. Clark does not contest that the State properly adduced evidence and proved that Clark's criminal history included these two DWI convictions from Grandview and Parkville. His complaint, however, is that: (1) the *officers'* statements in the respective Alcohol Influence Reports (AIR) about the factual basis for the DWI convictions in the Grandview and Parkville DWI convictions constitute inadmissible hearsay and (2) violate Clark's Confrontation Clause rights; and, finally, (3) without the *officers'* testimonial hearsay observations contained within the Grandview AIR and Parkville AIR, there was insufficient admissible evidence in the record to support Clark's enhanced DWI conviction.

What Clark conveniently ignores in his appellate briefing is *Clark's* non-hearsay *admissions* contained within the State's exhibits relating to his Grandview and Parkville DWI convictions, which is separate and apart from any hearsay complaints about the *officers'* statements.

### *Aggravated Offender Status*

A DWI charge is a class B misdemeanor for the first offense. § 577.010.2. However, if the defendant "[h]as pleaded guilty to or has been found guilty of three or more intoxication-related traffic offenses," the defendant is an "aggravated offender," § 577.023.1(1)(a), and the charge can be enhanced to a class C felony, § 577.023.4. An "intoxication-related traffic offense" is defined in pertinent part as: "driving while intoxicated,

driving with excessive blood alcohol content, . . . or driving under the influence of alcohol or drugs in violation of state law or a county or municipal ordinance[.]" § 577.023.1(4).

The procedure in a case involving enhanced sentencing is outlined in sections 577.023.7-15. Section 577.023.16 is a "non-exclusive list of ways to show prior convictions, pleas of guilty, or findings of guilt in intoxication-related traffic cases." *State v. Mitchell*, 403 S.W.3d 614, 615 n.1 (Mo. App. S.D. 2012). The statute authorizes the use of evidence obtained "by a search of the records of the Missouri uniform law enforcement system, including criminal history records from the central repository or records from the driving while intoxicated tracking system (DWITS) maintained by the Missouri state highway patrol, or the certified driving record maintained by the Missouri department of revenue." § 577.023.16.

*Hearsay Evidence*

"A hearsay statement is any out-of-court statement that is used to prove the truth of the matter asserted and that depends upon the veracity of the statement for its value." *State v. Tisius*, 362 S.W.3d 398, 405 (Mo. banc 2012) (internal quotation omitted). A hearsay statement is inadmissible unless it falls under a recognized hearsay exception. *Id.* at 406. Here, to the extent the challenged documents contained hearsay within them, section 302.312 generally provides an exception to the hearsay rule for certified records of the Department of Revenue. Section 302.312.1 provides that "[c]opies of all papers, documents, and records lawfully deposited or filed in the offices of the department of revenue . . . and copies of any records, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state[.]" "The plain language of section 302.312 provides that records of the Department of Revenue are admissible in all Missouri courts." *State v. Thomas*, 969 S.W.2d

5

354, 356 (Mo. App. W.D. 1998). Section 302.312 authorizes the evidentiary use of Department of Revenue records without limitation, including in criminal proceedings. *Id.*

*Confrontation Clause as a Separate Objection*

Though section 302.312 provides an exception to hearsay challenges relating to the documents contemplated by section 302.312, the statute does not speak to separate objections to certain information contained within the documents contemplated by section 302.312 that may separately violate Confrontation Clause rights.

In response, the State relies upon precedent in which courts have evaluated a driver's right to confront adverse witnesses in a *civil* license revocation proceeding within the context of the *Due Process* Clause (U.S. CONST. amends. V, XIV and Mo. CONST. art. I, § 10). *See Doughty v. Dir. of Revenue*, 387 S.W.3d 383 (Mo. banc 2013) (holding right to subpoena witnesses satisfied due process protections in civil license revocation proceeding); *Erskine v. Dir. of Revenue*, 428 S.W.3d 789 (Mo. App. S.D. 2014); *Manzella v. Dir. of Revenue*, 363 S.W.3d 393 (Mo. App. E.D. 2012).

Here, however, the proceeding in question is a *criminal* case and the assertion of rights is that of the *Confrontation* Clause[7] (U.S. CONST. amend. VI and MO. CONST., art. I, § 18(a)). "*Crawford* holds that testimonial hearsay (a subsection of all evidence that is hearsay), even if qualified as an exception to the hearsay rule, cannot be admitted in a criminal case, as a general rule, because of the Confrontation Clause." *State v. Minner*, 311 S.W.3d 313, 319 (Mo. App.

---

[7] The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. The Missouri Constitution has a similar guarantee that "in criminal prosecutions the accused shall have the right to . . . meet the witnesses against him face to face." MO. CONST. art. I, § 18(a). "The confrontation rights protected by the Missouri Constitution are the same as those protected by the Sixth Amendment of the United States Constitution." *State v. Schaal*, 806 S.W.2d 659, 662 (Mo. banc 1991).

In *Crawford v. Washington*, the United States Supreme Court held that when out-of-court statements are "testimonial" in nature, they are inadmissible under the Confrontation Clause, unless: (1) the witness is unavailable at the time of trial; and (2) the defendant had a prior opportunity to cross-examine him. 541 U.S. 36, 68, 124 S.Ct. 1354, 1374, 158 L. Ed. 2d 177 (2004).

W.D. 2010) (citing *Crawford v. Washington*, 541 U.S. 36, 68-69 (2004)). *See also Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324-25, 129 S.Ct. 2527, 2540, 174 L. Ed. 2d 314 (2009) ("[T]he Confrontation Clause imposes a burden on the prosecution to present its witnesses, not on the defendant to bring those adverse witnesses into court. Its value to the defendant is not replaced by a system in which the prosecution presents its evidence via *ex parte* affidavits and waits for the defendant to subpoena the affiant if he chooses.").

Here, however, we need not decide whether the trial court improperly admitted evidence from the Grandview AIR and Parkville AIR that may have contained testimonial hearsay by the *officers* reporting their personal observations[8] because the reports in question also included *Clark's* non-hearsay *admissions*—admissions that provided substantial evidence to support the trial court's judgment.

*Clark's Non-Hearsay Admissions*

In *State v. Isa*, the defendant contended that comments made by her to a police officer at the crime scene were inadmissible hearsay. 850 S.W.2d 876, 894 (Mo. banc 1993). The Supreme Court concluded to the contrary—that the statements were non-hearsay admissions—stating: "An admission is the statement . . . of a party that tends to incriminate or connect her with the crime charged, or which manifests a consciousness of guilt. . . . Moreover, a statement need not express an acknowledgment of guilt to qualify as an admission." *Id.* But, to understand the importance of Clark's non-hearsay admissions contained within the records introduced at his trial, one must understand his argument relating to the Grandview and Parkville DWI ordinances and precedent commenting upon ordinances with similar language criminalizing DWI.

---

[8] "In court-tried cases judges are given great latitude in the admission of evidence because of the presumption that they will not give weight to incompetent evidence." *Worthington v. State*, 166 S.W.3d 566, 573 (Mo. banc 2005). "Because of this, it is difficult to base reversible error on the erroneous admission of evidence in a court-tried case." *Id.* (internal quotation omitted).

The crux of Clark's argument is that because the Grandview and Parkville municipal ordinances criminalize broader conduct than section 577.010.1, and because the State presented no competent evidence of the facts underlying Clark's DWI convictions in Grandview and Parkville, the State failed to present sufficient evidence that those convictions could qualify as intoxication-related offenses for sentence enhancement under section 577.023. Clark relies upon *State v. Gibson*, 122 S.W.3d 121 (Mo. App. W.D. 2003).

In *Gibson*, we determined that the Kansas City municipal ordinance making it illegal to be in physical control of a motor vehicle while under the influence of alcohol could not be used to enhance the defendant's punishment under the persistent offender provisions of section 577.023. *Id.* at 130. That finding was based on the 1996 amendment to former section 577.001.1, which deleted the phrase "actual physical control" from the definition of "drive," "driving," "operates," or "operating" under Chapter 577. Section 577.001.2 now provides that "the term 'drive', 'driving', 'operates' or 'operating' means physically driving or operating a motor vehicle." The *Gibson* court determined that since state law no longer prohibited a person from being in actual physical control of a motor vehicle while intoxicated, the municipal violation charging that conduct could no longer be considered an intoxicated-related traffic offense that would trigger sentencing as a persistent offender under section 577.023. 122 S.W.3d at 130. To be certain, though, the evidence in *Gibson* was clear that the defendant had been charged for being in "physical control" of a vehicle while under the influence of alcohol. *Id.*

Conversely, in *State v. Miller*, 153 S.W.3d 333 (Mo. App. S.D. 2005), a case with similar "actual physical control" language in the ordinance language criminalizing DWI, the evidence submitted by the State concerning the municipal ordinance DWI conviction established that the

8

deputy sheriff had checked the box "operate" on his citation denoting unlawful "operation" of a vehicle in an intoxicated condition. *Id.* at 337. Likewise, the municipal citation that the defendant was issued was denoted unlawful "operation" of a vehicle in an intoxicated condition. *Id.* The *Miller* court concluded that the additional evidence (along with the conviction) indicated that the defendant had not been cited or convicted of being in "actual physical control" of a vehicle in an intoxicated condition rather than "operating" the vehicle in an intoxicated condition. *Id.* Thus, the court concluded that the evidence surrounding the prior municipal conviction appeared "to recount all the necessary elements of section 577.010.1[.]"

The present case more closely resembles *Miller* than *Gibson*.

Even if we do not consider any of the personal observations of the *officers* from Grandview and Parkville documenting their observation of Clark's driving or operation of his vehicle in both circumstances that led to traffic stops and DWI convictions, we need look no further than Clark's non-hearsay admissions contained within the exhibits that included the corresponding AIRs from Grandview and Parkview.

In the Grandview[9] AIR, Clark admitted that he had been "driving" his two male friends who were in the car with him before being pulled over by the officer and after he had been drinking "mixed drinks." And, in the Parkville[10] AIR record, Clark admitted that he had been "operating" his vehicle after drinking "seven beers and one scotch on the rocks."

The unlawful *operation* or *driving* of a vehicle comports with the statutory definition of "driving" as contemplated and defined in section 577.001.2.

---

[9] The Grandview definitions ordinance did not define "drive," though "driver" was defined as "every person who drives or is in actual physical control of a vehicle or railroad train." Here, Clark's admission was plainly and simply that he had been "driving" his friends, making him a "driver" by way of "driving" a vehicle.

[10] The Parkville definitions ordinance did not define "operate" or "operator."

Accordingly, the State's evidence was sufficient to prove that Clark had three prior intoxication-related offenses[11] and was an aggravated offender under section 577.023.1(1).

Point denied.

## Conclusion

The judgment of the trial court is affirmed.

_____
Mark D. Pfeiffer, Chief Judge

Zel M. Fischer, Special Judge, and Gary D. Witt, Judge, concur.

---

[11] Intoxication-related convictions were from Grandview, Parkville, and Sweet Springs (the prior DWI conviction that was not contested by Clark as a prior intoxication-related offense).