

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FIVE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED110113 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| vs. | ) | |
| | ) | |
| JAMES P. GOLDEN, | ) | Honorable Daniel G. Pelikan |
| | ) | |
| Appellant. | ) | Filed: January 31, 2023 |

James Golden appeals his conviction for driving while intoxicated for which the trial court sentenced him as a persistent offender. According to Golden, the State failed to prove he was a persistent offender because the evidence presented of his previous convictions for driving while intoxicated did not show conduct that qualified them as intoxication-related traffic offenses ("IRTOs") at the time of his current offense. The judgment is affirmed.

## Factual and Procedural Background

The State charged Golden with the class E felony of driving while intoxicated based on an incident that occurred on June 1, 2019 in O'Fallon, Missouri. The information alleged Golden was a persistent offender in that he had two prior convictions for driving while intoxicated: a July 1996 conviction that arose from events in St. Charles, Missouri, and a 2007 conviction in municipal court in Troy, Missouri. To prove at trial that Golden was a persistent offender, the State offered

into evidence certified court records relating to those convictions, which included the charging documents.

The jury found Golden guilty as charged. Based on the evidence regarding Golden's two prior convictions for driving while intoxicated, the trial court found him to be a persistent offender under sections 577.001[1] and 577.023 and sentenced him to four years in prison, retaining jurisdiction under section 559.115 to place him on probation after successful completion of the 120-day institutional treatment program. This appeal follows.

## Standard of Review

"It is the State's burden to prove prior intoxicated-related traffic offenses beyond a reasonable doubt." *State v. Craig*, 287 S.W.3d 676, 681 (Mo. banc 2009). In reviewing a challenge to the sufficiency of the evidence, our analysis is limited to "whether there was sufficient evidence from which a reasonable [fact-finder] might have found the defendant guilty beyond a reasonable doubt." *State v. Naylor*, 510 S.W.3d 855, 859 (Mo. banc 2017) (quoting *State v. Letica*, 356 S.W.3d 157, 166 (Mo. banc 2011)). In reviewing a challenge to the sufficiency of the evidence to sustain a criminal conviction, appellate courts do not weigh the evidence, but instead accept as true all evidence tending to prove guilt along with all reasonable inferences supporting the verdict, ignoring all contrary evidence and inferences. *State v. Claycomb*, 470 S.W.3d 358, 362 (Mo. banc 2015). "[A] claim that there is insufficient evidence to sustain a criminal conviction is preserved for review without regard to whether it was raised below." *Id*. at 359; *see also State v. Benson*, 646 S.W.3d 729, 732 (Mo. App. S.D. 2022).

---

[1] Unless otherwise noted, all statutory references are to RSMo (2016), as updated through the 2019 Cumulative Supplement, the version in effect at the time of Golden's present offense.

**Discussion**

Golden does not challenge the sufficiency of the evidence that he was driving while intoxicated on June 1, 2019. He instead contends there was insufficient evidence to support the trial court's finding that he was a persistent offender. Specifically, Golden argues the State failed to prove beyond a reasonable doubt that either of his prior convictions were for "driving" and, therefore, those convictions could not qualify as IRTOs under section 577.001(15).[2] We disagree.

Although driving while intoxicated is a class B misdemeanor under section 577.010.2(1), the offense is enhanced to a class E felony if the State proves the defendant is a persistent offender under section 577.010.2(3)(a). A persistent offender is "a person who has been found guilty of . . . two or more [IRTOs] committed on separate occasions." Section 577.001(18)(a). The State must "prove beyond a reasonable doubt . . . not merely that [the prior] conviction occurred but also that the conviction arose from conduct that meets the definition of an IRTO under Missouri law at the time of the present offense." *State v. Shepherd*, 643 S.W.3d 346, 351 (Mo. banc 2022). When Golden committed the present offense in June 2019, four categories of conduct qualified as IRTOs: (1) "driving while intoxicated," (2) "driving with excessive blood alcohol content," (3) "driving under the influence of alcohol or drugs in violation of a state law, county or municipal ordinance, any federal offense, or any military offense," and (4) "operating a vehicle while intoxicated and another person was injured or killed in violation of any state law, county or municipal ordinance, any federal offense, or any military offense." Section 577.001(15); *see also Shepherd*, 643 S.W.3d at 351.

The current definition of "driving"—which was in effect at the time of Golden's present offense—is "physically driving or operating a vehicle or vessel." Section 577.001(9); *see also*

---

[2] We conclude, contrary to the State's assertion, that Golden preserved this argument for appellate review.

*Shepherd*, 643 S.W.3d at 350, 350 n.8. At the time of Golden's July 1996 conviction, however, the statutory definition of "driving" was "physically driving or operating or being in actual physical control of a motor vehicle." Section 577.001.1 (1994). "[A]ctual physical control" meant that "even though the machine merely stands motionless, … a person keeps the vehicle in restraint or [is] in a position to regulate its movements." *Cox v. Dir. of Revenue*, 98 S.W.3d 548, 550 (Mo. banc 2003) (alterations in original) (quoting *State v. O'Toole*, 673 S.W.2d 25, 27 (Mo. banc 1984)). Effective August 28, 1996, the General Assembly narrowed the definition of "'drive', 'driving', 'operates' or 'operating'" a motor vehicle by removing the phrase "or being in actual physical control of" from the statute. 1996 Mo. Laws 593, 617; *see also Cox*, 98 S.W.3d at 550.

The issue in this case is whether the State presented sufficient evidence from which the trial court could have reasonably found that both of Golden's prior convictions for driving while intoxicated were for "driving" a vehicle and therefore qualified as IRTOs. The trial court based its determination that Golden was a persistent offender on State's Exhibits 8 and 9, which were the certified court records of Golden's two prior convictions for driving while intoxicated.

With regard to Golden's July 1996 conviction for driving while intoxicated, the State's evidence included a uniform complaint and summons that provided factual details about the offense. Under the heading "Description of Violation," the officer alleged that Golden "operated motor vehicle in an intoxicated condition." The uniform complaint and summons indicated the location of the offense was upon or near "W/B 70 E of Zumbehl." It also provided the officer with four boxes to check to describe Golden's unlawful conduct. The officer checked the box "operate" and did not check the box "park."

Similarly, the uniform citation relating to Golden's 2007 municipal conviction for driving while intoxicated in Troy, Missouri, alleged that "the facts supporting [the] belief" that Golden

4

committed the charged offense was that he was "operating mtr vehicle while intox." The citation also had a checked box indicating that Golden "did unlawfully" "operate/drive" a 1985 Dodge R150. In doing so, the officer chose the box "operate/drive" and did not check the box "park."

According to Golden, the State failed to prove his prior convictions involved "driving," which, again, is currently defined—and was at the time of his present offense—as "physically driving or *operating* a vehicle or vessel." Section 577.001(9) (emphasis added). We conclude, however, that the trial court did not err in sentencing Golden as a persistent offender. Because the charging documents for both of Golden's prior convictions specifically alleged that he was operating a vehicle when committing those offenses, there was sufficient evidence from which the trial court could have reasonably drawn an inference that both of those convictions involved "driving" (as defined by section 577.001 at the time of Golden's present offense) and therefore qualified as IRTOs. This conclusion is consistent with previous cases holding that similar wording in a charging document can be sufficient to establish a defendant is a persistent offender. For example, in *State v. Miller*, 153 S.W.3d 333, 337 (Mo. App. S.D. 2005), the court held that "[t]he verbiage on the citation," which included a checked box for "operate," "denoting the unlawful operation of a vehicle, which comport[ed] with the statutory definition of 'driving,' as defined in section 577.001[]," was sufficient evidence to establish a qualifying conviction and persistent offender status. *Id.*; *see also State v. Thomas*, 562 S.W.3d 359, 361 (Mo. App. S.D. 2018) (emphasizing that the charging document included "a check-box averment that [the defendant] unlawfully operated a specified vehicle, which [was] sufficient proof that she did so").

With regard to his 1996 conviction, Golden stresses that the term "operates" was broadly defined at the time of that incident as "physically driving or operating or being in actual physical control of a motor vehicle." *See* section 577.001 (1994). He argues the State failed to prove

5

beyond a reasonable doubt that his 1996 conviction qualifies as an IRTO because that conviction could have been based on him simply being in "actual physical control" of a vehicle while intoxicated—conduct not covered by the narrower definition of "operates" in effect at the time of his present offense. *See* section 577.001(9). We conclude, however, that the trial court could have reasonably inferred that by using the term "operated" to describe the violation, the officer intended to specify which of the three actions prohibited by the statute—"physically driving," "operating," or "being in actual physical control"—the officer was accusing Golden of having performed in committing the offense. *See State v. Borst*, 643 S.W.3d 586, 593 (Mo. App. W.D. 2022) (quoting *State v. Shepard*, 442 S.W.2d 58, 60 (Mo. banc 1969)) ("It has long been the rule that when a crime may be committed by any of several methods, the information must charge one or more of the methods, and the method or methods submitted in the verdict directing instruction must be among those alleged in the information[.]"). And while the title of the charged crime was "driving while intoxicated," the uniform complaint and summons included a section for "Description of Violation," which allowed for elaboration on the method of the violation. In this section, the officer described the offense as "operated [a] motor vehicle in an intoxicated condition," and did not in any way suggest that Golden was merely in "actual physical control" of the vehicle. *See* section 577.010 (1994). The listed location of the offense as "W/B 70," or westbound on Interstate Highway 70, further supports the inference that Golden was operating the vehicle as opposed to only being in actual physical control of it. Although the trial court could have drawn a different conclusion from these facts and found that the use of the term "operated" in the charging language was not intended to specifically identify which of the three acts prohibited by the statute Golden had performed, our standard of review requires us to accept "as true all evidence tending to prove guilt together with all reasonable inferences that support the finding." *Craig*, 287 S.W.3d at 681.

6

Golden primarily relies on the Supreme Court of Missouri's recent decision in *Shepherd* to support his contention that these exhibits were insufficient to support a finding that he was a persistent offender. We conclude, however, that *Shepherd* is distinguishable. In that case, the defendant was convicted of driving while intoxicated and sentenced as a habitual offender, which required the trial court to find the defendant had been convicted of five or more IRTOs. *Id*. at 348. The only evidence the State introduced into evidence to prove the defendant was a habitual offender was a copy of his Colorado driving record, which showed he had seven prior convictions for either "driving while under the influence of alcohol and/or drugs" or "driving while ability was impaired by alcohol and/or drugs." *Id*. The *Shepherd* Court concluded that the driving record by itself was insufficient to prove the defendant was a habitual offender because it failed to show that at least five of his previous convictions met the definition of an IRTO under Missouri law at the time of his current offense. *Id.* at 352-53. The Court emphasized that the Colorado statutes under which the defendant had previously been convicted prohibited an intoxicated person from "driving" as well as being in "actual physical control" of a vehicle. *Id*. at 350. In holding that the driving record alone was insufficient to prove the defendant's prior convictions qualified as IRTOs, the Court stressed "[t]here was **no** evidence regarding the nature of the **conduct** underlying [the defendant's] Colorado convictions, i.e., whether he was convicted for actually driving while in a proscribed condition or was merely convicted for being in actual physical control of a vehicle while in such a condition." *Id.* at 352. The Court noted that the driving record showed that three of the defendant's prior convictions involved accidents, which would have permitted the trial court to infer that those convictions involved driving. *Id.* at 352-53. The defendant's remaining four prior convictions, however, provided no information from which the trial court could have

reasonably drawn an inference as to whether the defendant was driving or simply in "actual physical control" of a vehicle. *Id.* at 353.

Here, the State did not merely offer evidence that Golden had been twice convicted of driving while intoxicated; it produced the charging documents for those convictions, which permitted the trial court to consider the particular conduct that formed the bases of those convictions. Again, those charging documents specifically alleged that Golden was operating a vehicle while committing the charged offenses of driving while intoxicated. The officers could have described the offenses in terms that Golden had merely been "in actual physical control" of a vehicle, but they instead stated he was operating one. There was sufficient evidence to support the trial court's finding that Golden was a persistent offender since both of his prior convictions involved "driving" as defined by section 577.001 and therefore qualified as IRTOs at the time of his present offense. *See Miller*, 153 S.W.3d at 337.

Golden also argues the evidence relating to his 2007 municipal conviction for driving while intoxicated was insufficient to establish that conviction qualified as an IRTO because the State did not offer the ordinance itself into evidence. The State, however, is not required to introduce a municipal ordinance into evidence "to make a prima facie case for enhanced punishment based on [a] prior municipal conviction." *Id*. at 337-40. And Golden only speculates that the municipal ordinance at issue contains a broader definition of "driving" than the current version of the statute. *See id*. at 340 ("If Defendant believed [the] ordinance . . . did not actually proscribe the act of driving while intoxicated in congruity with the then existing requirements . . ., it was incumbent on him to introduce evidence to that effect.").

In the absence of any evidence indicating that Golden's municipal conviction for "driving while intoxicated" was not for "driving" or "operating" a vehicle, it was not unreasonable for the

8

trial court to conclude that it was a qualifying conviction. *See id.* But even if additional evidence was required to establish that the 2007 conviction qualified as an IRTO, the charging document constituted sufficient proof because it indicated that Golden was operating a vehicle while intoxicated.

## Conclusion

The trial court did not err in sentencing Golden as a persistent offender under sections 577.001 and 577.023. The judgment is affirmed.

_____

MICHAEL E. GARDNER, Chief Judge

Cristian M. Stevens, J., concurs.
Julia M. Koester, Sp.J., concurs.