STATE of Missouri, Respondent,

v.

Cecil L. HILL, Jr., Appellant.

Cecil L. HILL, Jr., Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 43312, WD 45125.

Missouri Court of Appeals,
Western District.

Aug. 11, 1992.

J. Bryan Allee, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Breck K. Burgess, Asst. Atty. Gen., for respondent.

Before TURNAGE, P.J., and BRECKENRIDGE and HANNA, JJ.

TURNAGE, Presiding Judge.

Cecil L. Hill, Jr. was found guilty by a jury of Count I, robbery in the first degree § 569.030, RSMo 1986 [1]; Count II, armed criminal action § 571.015; Count V, sodomy § 566.060; Count VI, armed criminal action; and Count VII, attempted forcible rape §§ 564.011 & 566.030; and Count VIII, armed criminal action.[2] The court sentenced Hill as a prior offender on Counts I, II, VI, VIII and as a persistent sexual offender on Counts V and VII and assessed punishment at life imprisonment on Count I, ten years on Count II, 30 years without parole on Count V, ten years on Count VI, 30 years without parole on count VII, and ten years on Count VIII. The court ordered the sentences on Counts V and VII to run consecutively to Count I, and all others to run concurrently. A motion pursuant to Rule 29.15 was filed and denied after an evidentiary hearing. On appeal Hill contends error in admitting evidence from an illegal arrest, in admitting evidence from suggestive pre-trial identification procedures, in denial of a motion to permit expert testimony concerning misidentification, in denying his rule 29.15 motion for relief as to ineffective assistance of counsel, and in sentencing him as a persistent sexual offender under § 558.018. Judgment of conviction on all Counts and sentence on all Counts but Counts V and VII affirmed. The sentence on Count V for sodomy and Count VII for attempted forcible rape is vacated and the cause is

remanded for further findings on those two counts.

On August 18, 1989, around 10:00 p.m. a masked gunman robbed the Osco store at 39th and Main in Kansas City, Missouri. There were five employees straightening stock in the store, and the assistant manager was in his office "balancing" the safe. The gunman, wearing a dustmask, dark glasses, a baseball cap, and surgical gloves carried a small automatic pistol in his right hand. He herded the employees into the restroom and ordered them to remove their clothing. The gunman then sought out the assistant manager, placed a gun to his head, and ordered him to open the safe. The gunman's mask slipped while the assistant manager was opening the safe, exposing his face. This gave the assistant manager time to observe the robber. The mask was later found in aisle four of the store. The gunman removed $1,500 to $2,000 from the safe and directed the assistant manager to remove his clothing and join the other employees in the bathroom. He then taped the door shut with all the employees inside the bathroom. He returned a few moments later and ordered a female employee to come with him as his hostage. He placed a gun to her head and ordered her to precede him up the stairs to the manager's office. At the top of the stairs, he sodomized and attempted to rape her. He then ordered her to count to 200, and then to release those employees still in the bathroom. She began counting as he left the store. Police arrived at about 11:00 p.m. and interviewed the employees and the assistant manager's wife, who had seen the gunman leave as she waited in the parking lot. On August 23 or 24, 1989, a detective received a call on the TIPS hotline implicating Hill in the incident. The police compiled a photo spread using a photo of Hill on file with the FBI, and five other individuals.

The detective showed this photo to the female sexual assault victim, who indicated that Hill looked "most like" her attacker.

---

1. All statutory references are to RSMO 1986 unless otherwise indicated.

2. Hill was found not guilty on Counts III and IV.

The detective then showed the same photo spread to the assistant manager, who positively identified Hill as the robber. After selecting Hill, the police informed the assistant manager that the other employee had chosen the same photo.

Thereafter, on August 26, 1989, at about 9:15 p.m., four police officers arrested Hill at his home with guns drawn and without a warrant. Hill was taken to the police station and placed in a live lineup with four other men. The sexual assault victim and another employee were unable to positively identify Hill as the perpetrator.

The next day, the police conducted a second lineup with Hill and three other individuals. The assistant manager and two employees identified Hill as the robber.

■ Hill first contends that the trial court erred in admitting evidence of the positive identifications in the second live lineup. He contends that his presence at the second live lineup, and the ensuing positive identifications, were the direct result of his illegal arrest and therefore the trial court should have suppressed this evidence under the exclusionary rule announced in *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980).

In *State v. Fitzgerald*, 781 S.W.2d 174, 183[4] (Mo.App.1989), the court held that even an illegal arrest does not render inadmissible identification testimony arising from a subsequent lineup. "The defendant's presence cannot be assailed as the fruit of an illegal arrest." *Id.*, quoting *State v. Taylor*, 630 S.W.2d 95, 96[4] (Mo. App.1981).

■ Hill also contends the second lineup was suggestive because of the difference in his appearance and that of the other persons in it. The totality of the circumstances determines the admissibility of identification evidence. *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977). The record shows that the police made a reasonable effort to find similar-looking individuals for the lineup. The lineup is not a casting call requiring identical suspects. *State v. Little*, 674 S.W.2d 541, 545[9] (Mo. banc 1984).

The employees had an opportunity to view the suspect during the robbery, heard his voice, observed his build and two saw his face after the mask slipped. This supports a finding that the identification was reliable. Since reliability, and not suggestiveness, is the linchpin securing due process rights, the trial court's determination to admit this evidence was not error. *State v. Story*, 646 S.W.2d 68, 71[1, 2] (Mo. banc 1983).

■ Hill also contends that the trial court erred in refusing to permit an expert witness to testify concerning the unreliability of eyewitness identification. In *State v. Whitmill*, 780 S.W.2d 45, 47[1] (Mo. banc 1989), the court held that the trial court has discretion to exclude such testimony because it may improperly invade the province of the jury in determining witness credibility. Hill cross-examined the witnesses and had adequate opportunity during cross-examination and during closing argument to apprise the jury of his arguments concerning eyewitness identification. There was no abuse of discretion in refusing this evidence.

■ Hill next contends that the motion court erred in denying his Rule 29.15 motion alleging ineffective assistance of counsel. Hill contends that he is left-handed, while the robber was apparently right-handed since the employees observed him holding the pistol in his right hand. Hill asserts that his trial counsel's failure to adequately bring this difference to the attention of the jury during closing argument denied him an effective defense.

Hill's argument fails for two reasons. First, Hill admits that his trial counsel "expressly elicited" the fact of his left-handedness during cross-examination of one state witness. Second, Hill's counsel stated and the motion court determined that counsel's failure to mention Hill's left-handedness during closing argument was a deliberate trial strategy taken so the prosecution would have no opportunity to address it in closing. "Ineffective assistance of counsel will not lie where the conduct involves the attorney's use of reasonable discretion in a matter of trial strategy, and it is the excep-

tional case where a court will hold a strategic choice unsound." *State v. White*, 798 S.W.2d 694, 698[9] (Mo. banc 1990). It cannot be said that counsel's decision in this case was not a reasonable exercise of trial strategy.

■ Hill's final contention is that the trial court erred in sentencing him as a persistent sexual offender under § 558.018 on the sodomy and attempted forcible rape counts. The court sentenced Hill as a persistent sexual offender because it found that Hill pled guilty to a federal offense of assault with intent to commit rape. Hill argues that his guilty plea under the federal assault with intent to commit rape statute does not trigger the Missouri persistent sexual offender statute because the elements of the two statutes must correspond. *State v. Kelly*, 728 S.W.2d 642, 648[8] (Mo. App.1987), held that the elements of the foreign statute need not correspond to the elements of the crimes which are enumerated in § 558.018 in order to trigger the application of that statute. *Kelly* held the test is whether the acts committed during the commission of the foreign crime would constitute the commission of one of the crimes mentioned in § 558.018. *Id.*

The record only shows that Hill pled guilty to assault with intent to commit rape. There was nothing before the court to demonstrate the acts Hill committed during the commission of that offense. Therefore, there is nothing in the record from which the trial court could have determined that the acts committed by Hill during the course of the federal offense were sufficient to have constituted a crime that would trigger 558.018. Thus, there was no evidence on which the court could base a finding that Hill was subject to the persistent sexual offender statute.

The judgment of conviction and sentence on Counts I, II, VI, and VIII is affirmed. The judgment of conviction on Count V for sodomy and Count VII for attempted forcible rape is affirmed but the sentence on those two counts is vacated. This cause is remanded to the trial court with direction to hold a hearing on the persistent sexual offender issue. The court shall make a

finding of whether the acts of Hill in committing the federal offense constitute the commission of one of the crimes which trigger the persistent sexual offender statute. If the court finds that the persistent sexual offender statute applies, it shall sentence Hill under that statute on the sodomy and attempted forcible rape counts. If the court finds such statute is not applicable, the court shall sentence Hill as a prior offender on the sodomy and attempted forcible rape counts. *Kelly*, at 649. The judgment denying relief under Rule 29.15 is affirmed.

All concur.