

# In the
# Missouri Court of Appeals
# Western District

STATE OF MISSOURI,

        **Respondent,**

v.

**KEITH A. CODAY,**

        **Appellant.**

**WD77619**

**OPINION FILED:**

**April 19, 2016**

---

**Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Charles H. McKenzie, Judge**

**Before Division Three:
James Edward Welsh, P.J., Alok Ahuja, C.J., and Thomas H. Newton, J.**

Keith A. Coday appeals the circuit court's judgment sentencing him as a persistent offender after the court found him guilty of driving while intoxicated following a bench trial. In his sole point on appeal, Coday contends that the evidence was insufficient to support the circuit court's finding that he was a persistent DWI offender. We reverse the circuit court's judgment finding Coday to be a persistent offender and remand for resentencing.

The State charged Coday with driving while intoxicated as a persistent offender. Coday does not challenge the sufficiency of the evidence supporting his conviction for driving while intoxicated. The evidence established that, on November 11, 2012, Coday operated a car while in an intoxicated condition.

Before evidence was presented in the bench-tried case, the circuit court held a hearing on Coday's "Motion to Exclude Prior Kansas Convictions as Evidence of Defendant's Status as a 'Persistent Offender' under Section 577.023, RSMo." Coday asserted that his two prior Wyandotte County, Kansas convictions did not qualify as intoxication-related traffic offenses for the purposes of determining that that he was a persistent offender under section 577.023, RSMo Cum. Supp. 2013. The circuit court denied Coday's motion, and, over Coday's objection, allowed the State to enter into evidence certified records concerning Coday's two prior convictions for "driving under influence of alcohol and/or drugs" from Wyandotte County, Kansas. The records were "traffic appearance dockets" from a "Crystal Report" that noted that Coday had pled guilty to "driving under influence of alcohol and/or drugs" on February 15, 1991, and November 1, 1991, in violation of Kan. Stat. Ann. § 8-1567. Based on these records, the circuit court found beyond a reasonable doubt that Coday was a persistent offender.

Having found him guilty of driving while intoxicated as a persistent offender, the circuit court sentenced Coday to four years' imprisonment but suspended execution of the sentence and placed Coday on five years' probation with special conditions that included 30 days of shock incarceration in the county jail. Coday appeals.

In his only issue on appeal, Coday contends that the evidence was insufficient to support the circuit court's finding that he was a persistent DWI offender. In particular, he claims that the State failed to produce sufficient evidence to allow the circuit court to find beyond a reasonable doubt that the acts underlying Coday's two Kansas convictions were acts specifically prohibited under Missouri's driving while intoxicated statute, section 577.010, RSMo Cum. Supp. 2013. We agree.

2

We review the sufficiency of the evidence in a court-tried criminal case under the same standard used in a jury-tried case. *State v. Miller*, 153 S.W.3d 333, 336 (Mo. App. 2005). The State has the burden to prove prior intoxication-related traffic offenses beyond a reasonable doubt. *State v. Craig*, 287 S.W.3d 676, 681 (Mo. banc 2009). "Under section 577.023, the State need only present sufficient facts to support a finding beyond a reasonable doubt the defendant either pled guilty or was found guilty of two prior [intoxication related traffic] offenses." *State v. Russell*, 336 S.W.3d 504, 507 (Mo. App. 2011). In making that determination, we accept as true all evidence to prove the prior offenses together with all reasonable inferences that support the circuit court's finding. *Craig*, 287 S.W.3d at 681.

A persistent DWI offender, is "[a] person who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses[.]" § 577.023.1(5)(a). "An "intoxication-related traffic offense" includes "driving while intoxicated with excessive blood alcohol content, . . . or driving under the influence of alcohol or drugs in violation of state law or a county or municipal ordinance[.]" § 577.023.1(4). Further, section 577.023.16 provides in part:

> A plea of guilty or a finding of guilt followed by incarceration, a fine, a suspended imposition of sentence, suspended execution of sentence, probation or parole or any combination thereof in any intoxication-related traffic offense in a state, county or municipal court or any combination thereof shall be treated as a prior plea of guilty or finding of guilt for purposes of this section.

In this case, Coday had two Wyandotte County, Kansas convictions for "driving under influence of alcohol and/or drugs" in violation of Kan. Stat. Ann. § 8-1567. Kan. Stat. Ann. § 8-1567, titled "Driving under influence of alcohol or drugs; blood alcohol concentration; penalties," provides:

3

(a) No person shall operate or *attempt to operate*[1] any vehicle within this state while:

(1) The alcohol concentration in the person's blood or breath as shown by any competent evidence, including other competent evidence, as defined in paragraph (1) of subsection (f) of K.S.A. 8-1013, and amendments thereto is .10 or more;

(2) the alcohol concentration in the person's blood or breath, as measured within two hours of the time of operating or attempting to operate a vehicle is .10 or more;

(3) under the influence of alcohol;

(4) under the influence of any drug or combination of drugs to a degree that renders the person incapable of safely driving a vehicle; or

(5) under the influence of a combination of alcohol and any drug or drugs to a degree that renders the person incapable of safely driving a vehicle.

To prove Coday's two convictions, the State entered into evidence certified records from the District Court in Wyandotte County, Kansas. The records consisted of "Traffic Appearance Dockets" from "Crystal Report." The dockets noted:

| | |
|---|---|
| 12/27/1990 | 08-1567 Driving Under the Influence of Alcohol, and/or Drugs (Misdemeanor) |
| 05/10/1991 | Defendant Pleads Guilty Sentenced to 365 Days Fined $500.00 Pro Tem Judge Lewis |
| 12/27/1990 | 08-1336 Speed in Excess of Posted Maximum 76/55 (Infraction) |
| 05/01/1991 | Dismissed by Pro Tem Judge Lewis |
| 01/25/1991 | Continued by Defendant Court Date Set For 02/15/1991 Judge Burdette |
| 02/15/1991 | DEFT Pleads Gilty to CNT 1, DUI, and CNT 2 is Dismissed |

. . .

| | |
|---|---|
| 08/20/1991 | 08-1567 Driving Under the Influence of Alcohol, and/or Drugs (Misdemeanor) |
| 01/24/1992 | Defendant Pleads Guilty Sentenced to 365 Days |

---

[1]We added the emphasis.

4

|  |  |
|---|---|
|  | Fined $1000.00 Judge Harris |
| 08/20/1991 | 08-0262 Driving While Suspended (Misdemeanor) |
| 01/24/1992 | Dismissed by Court Judge Harris |
| 08/20/1991 | 08-1336 Speed in Excess of Posted Maximum 77/55 (Infraction) |
| 01/24/1992 | Dismissed by Judge Harris |
| 08/23/1991 | Continued by Defendant Court Date Set for 10/04/1991 Judge Burdette |
| 10/04/1991 | Continued by Defendant Court Date Set for 11/01/1991 |
| 11/01/1991 | DEFT Pleads Guilty to CNT 1, DUI, and CNTS 2 and 3 Are Dismissed[2] |

The evidence introduced by the State, therefore, established that Coday pled guilty to two offenses of "driving while under influence of alcohol and/or drugs" in violation of Kan. Stat. Ann. § 8-1567, which punishes persons operating or *attempting to operate* a vehicle while intoxicated.

In Missouri, convictions for "attempting to operate" a vehicle while intoxicated do not constitute intoxication-related traffic offenses for the purposes of section 577.023. *See State v. Gibson*, 122 S.W.3d 121, 130 (Mo. App. 2003) (a conviction for being in actual physical control of a vehicle while intoxicated was not an intoxication-related traffic offense for the purposes of section 577.023). Under Missouri law, to be guilty of driving while intoxicated, the person must *operate* the motor vehicle while in an intoxicated or drugged condition, not merely attempt to operate the vehicle. § 577.010. Thus, the fact that the State's exhibits showed that Coday pled guilty to two offenses of "driving while under influence of alcohol and/or drugs" in violation of Kan. Stat. Ann. § 8-1567 did not establish beyond a reasonable doubt that Coday did in fact *operate* a vehicle while under the influence of alcohol and drugs. In such circumstances, when a foreign conviction encompasses acts outside of those prohibited by Missouri statutes, the test is

---

[2]The original Crystal Report "Traffic Appearance Docket" was in all capitalized letters.

whether the acts committed during the commission of the foreign crime would qualify as an intoxication-related traffic offense under section 577.023. *State v. Hill*, 839 S.W.2d 605, 608 (Mo. App. 1992).

Indeed, in the *Hill* case, this court found that the circuit court erred in sentencing a defendant as a persistent sexual offender because the record only showed that the defendant pled guilty to the felony offense of assault with intent to commit rape but there was nothing in the record from which the circuit court could have determined that the acts committed by the defendant during the course of the offense were sufficient to have constituted a crime that would trigger a finding that he was a persistent sexual offender. *Id*. at 608; *see also State v. Kelly*, 728 S.W.2d 642, 648 (Mo. App. 1987) (State failed to prove beyond a reasonable doubt that the defendant's Colorado convictions for sexual assault in the first degree would constitute the offenses of forcible rape or sodomy had those acts been committed in Missouri to trigger a finding that the defendant was a persistent sexual offender. Court found that the facts did not set forth the type of sexual penetration that was committed by the defendant in the Colorado convictions.). Thus, in determining whether a defendant is a persistent offender, we must determine whether the acts constituting the foreign conviction constitute the commission of crime under Missouri law. *State v. Brown*, 97 S.W.3d 97, 102 (Mo. App. 2002).

The State argues that it established those facts by showing that, in addition to showing that Coday pled guilty to "driving while under influence of alcohol and/or drugs" in violation of Kan. Stat. Ann. § 8-1567, the dockets reflected that Coday was also charged with speeding on the same dates as the driving while under the influence convictions. The State argues: "The record supported the reasonable inference that, in the first offense, [Coday] was driving 76 miles per hour when he was stopped and his intoxicated condition discovered. In the second offense,

6

the record supported the reasonable inference that [Coday] was driving 77 miles per hour when he was stopped and his intoxicated state discovered." The speeding charges, however, were dismissed by the court. There was no adjudication on these charges establishing that Coday was in fact driving while speeding. In fact, it is a long established and fundamental rule of law that in a criminal proceeding we must presume that the accused is innocent until proven guilty beyond a reasonable doubt. *State v. Neal*, 526 S.W.2d 898, 902 (Mo. App. 1975). In this case, presumed innocent could mean that Coday was driving under the speed limit or not driving at all. Moreover, we instruct jury's in every criminal case that "[t]he charge of any offense is not evidence, and it creates no inference that any offense was committed or that (the) (either) (any) defendant is guilty of an offense." MAI-CR3d 300.02. Therefore, the charges of speeding create no inference that could be used to establish that Coday was driving. In addition, while the speeding charges appear on the same "Traffic Appearance Dockets" as the charges of driving under the influence of alcohol and/or drugs, and it appears that the speeding charges were filed on the same date, there is no indication that the charges arose out of conduct occurring at the same time.

The State further claims that the certified records alone were sufficient to establish a *prima facie* case that Coday had two prior convictions for intoxication-related traffic offenses because the face of the records showed that Coday was charged with and pled guilty to "driving" under the influence of alcohol and/or drugs. In support of this contention, the State relies on *State v. Miller,* 153 S.W.3d 333 (Mo. App. 2005). In *Miller*, the defendant argued that a municipal court conviction was not sufficient to meet the State's *prima facie* burden of proving a prior intoxication-related traffic offense because the State did not present evidence as to the content of the municipal ordinance and failed to show that the municipal ordinance that the

7

defendant violated had the same elements as set out in section 577.010 (operating a motor vehicle while in an intoxicated or drugged condition). *Id*. at 336. The *Miller* court found that the municipal court conviction was sufficient to meet the State's *prima facie* burden because the municipal offense to which the defendant pled guilty had to be entered into the Missouri Uniform Law Enforcement System (MULES). *Id*. at 340. The court stated that, because State's exhibit establishing the conviction contained all the information that would be entered into a MULES record, it was unnecessary for the municipal ordinance to be a part of the record. *Id*. The court concluded:

> Pursuant to the express language of section 577.023.14, a trial court is authorized to find that a defendant is a prior or persistent offender, as defined by this statute, based upon "evidence of convictions received by a search of the records of the Missouri uniform law enforcement system ["MULES"] maintained by the Missouri state highway patrol." Thus, MULES information alone is sufficient to prove the existence of a prior conviction. In our view, section 577.023.14 demonstrates clear legislative intent to establish the minimum evidentiary burden which must be met by the State in order to make a *prima facie* showing that a prior conviction qualifies as a predicate offense for purposes of enhanced punishment.

*Id*. at 337-38. The *Miller* court noted that the admission of the exhibit establishing the municipal conviction for driving while intoxicated did not preclude the defendant "from presenting his own evidence at the hearing for the purpose of demonstrating he was not, in fact, a persistent offender." *Id*. at 340. The court stated that, if the defendant believed that the municipal ordinance "did not actually proscribe the act of driving while intoxicated in congruity with the then-existing requirements of section 577.010, it was incumbent on him to introduce evidence to that effect." *Id*.

In *Miller*, however, the evidence submitted by the State concerning the municipal ordinance conviction also established that the deputy sheriff had checked the box "operate"

8

denoting the unlawful operation of a vehicle. *Id*. at 337. Moreover, the "Complaint & Information,'" written out by the deputy, set forth that the defendant "'did unlawfully operate' a 'vehicle,'" "'and then and there committed the following offense: Driving While Intoxicated.'" *Id*. The *Miller* court, therefore, found that the case before it was not a case where the defendant was being cited for being in "actual physical control" of the vehicle while under the influence of alcohol rather than operating the vehicle while under the influence of alcohol. *Id*. The court noted that the municipal citation appeared "to recount all the necessary elements of section 577.010.1[.]" *Id*.

The *Miller* case, therefore, stands for the proposition that the State meets its burden of establishing a *prima facie* case that a defendant is a persistent offender when it introduces evidence of a conviction record that contains all of the information that would be entered into a MULES record and where the State establishes that the acts committed during the commission of the crime would qualify as an intoxication-related traffic offense.

The same is true of the other case that the State relies upon—*State v. Thomas*, 969 S.W.2d 354 (Mo. App. 1998). In that case, the defendant argued that the circuit court erred in admitting into evidence Department of Revenue records reflecting two prior convictions for driving while intoxicated. *Id*. at 355. He claimed that "those records lacked foundation to establish the facts of the prior convictions because the records were competent only to certify proceedings of the administrative agency and were incompetent to prove the facts asserted by the records in a judicial proceeding." *Id*. The *Thomas* court concluded that "the Department of Revenue records contained sufficient indicia of reliability to establish the existence of [the defendant's] prior convictions for driving while intoxicated" and, therefore, the State satisfied their burden of proving that the defendant was a persistent offender. *Id*. at 357. The court said that, if the

9

defendant thought the Department of Revenue records were erroneous, "it was incumbent on [the defendant] to introduce evidence establishing that no such convictions occurred." *Id*. But, the court noted that the defendant did not dispute the fact of his prior convictions for driving while intoxicated. *Id*. Thus, in the *Thomas* case, because the defendant did not dispute the fact of his prior convictions for driving while intoxicated, the State established that the acts committed during the commission of the crime would qualify as an intoxication-related traffic offense. The defendant was merely disputing the circuit court's reliance on the Department of Revenue records to establish his two prior driving while intoxicated offenses as proof of his persistent offender status.

As we noted previously, it was the State's burden to prove, beyond a reasonable doubt, that Coday had two prior intoxication-related traffic offenses. *Craig*, 287 S.W.3d at 681. The record establishes that Coday pled guilty to two offenses of "driving while under influence of alcohol and/or drugs" in violation of Kan. Stat. Ann. § 8-1567, but there was nothing in the record establishing that Coday was operating a vehicle during the commission of the offense. Thus, there was nothing in the record from which the circuit court could have determined that the acts committed by Coday during the course of the Kansas offenses were sufficient to establish that Coday was operating a vehicle while under the influence of alcohol or drugs. Therefore, there was no evidence upon which the circuit court could base its finding that Coday was a persistent DWI offender.

**Conclusion**

Because the State failed to prove that Coday was a persistent DWI offender, the circuit court erred in finding Coday guilty of the class D felony of driving while intoxicated and sentencing Coday as a persistent offender to four years' imprisonment. We reverse the circuit court's judgment and remand for sentencing for the class B misdemeanor offense of driving while intoxicated. *See State v. Collins*, 328 S.W.3d 705, 710 (Mo. banc 2011).

/s/ JAMES EDWARD WELSH
James Edward Welsh, Presiding Judge

All concur.