

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI,         )    *Opinion issued April 26, 2022*
                                           )

              Respondent,    )

                                           )

v.                                          )    No. SC99081

                                           )

TIMOTHY A. SHEPHERD,       )

                                           )

              Appellant.     )

## APPEAL FROM THE CIRCUIT COURT OF WARREN COUNTY
The Honorable Jason H. Lamb, Judge

Timothy Shepherd appeals his conviction for driving while intoxicated in which he was sentenced as a habitual offender. Shepherd argues the state failed to prove he was a habitual offender based solely on a certified copy of his Colorado driving record because the state introduced no facts underlying the Colorado convictions to show the conduct involved would qualify as intoxication-related traffic offenses ("IRTOs") in Missouri at the time of his current offense. This Court has jurisdiction, Mo. Const. art. V, sec. 10. The circuit court's judgment is vacated, and the case is remanded for resentencing.

## Background

On March 21, 2017, Timothy Shepherd was involved in a single-vehicle accident in Warren County, Missouri, while driving after consuming about six beers. A blood test after the accident revealed Shepherd's blood alcohol content was 0.280 percent. Relevant to this appeal, Shepherd was charged with one count of the class B felony of driving while intoxicated as a habitual offender.[1] To prove Shepherd was a habitual offender, the state offered only a certified copy of Shepherd's Colorado driving record, which outlines seven prior convictions: four (involving conduct occurring in 1985, 1991, 2000, and 2003) for "driving while under the influence of alcohol and/or drugs," and three (involving conduct occurring in 1984, 1988, and 2001) for "driving while ability was impaired by alcohol and/or drugs."

Shepherd objected to the admission of his Colorado record as evidence that he was a habitual offender.[2] The circuit court overruled his objection and held the Colorado record sufficiently proved he was a habitual offender because it showed "[Shepherd] has been found guilty of driving while intoxicated in Boulder County, Colorado on seven different occasions."

After his bench trial, the circuit court found Shepherd guilty of the present offense of driving while intoxicated and sentenced him to 10 years' incarceration as a habitual

---

[1]  Shepherd also was convicted on one count of failing to drive on the right half of a roadway when the roadway was of sufficient width, resulting in an accident. Shepherd does not dispute this conviction on appeal.

[2]  Shepherd does not pursue his evidentiary objection in this appeal, only his claim regarding the sufficiency of the evidence. Accordingly, this Court assumes the Colorado record was

offender. Shepherd appeals, arguing the Colorado record – standing alone – was insufficient to prove beyond a reasonable doubt he was a habitual offender. This Court agrees.

## Analysis

Driving while intoxicated is a class B misdemeanor. § 577.010.2(1).[3] If the state proves the defendant is a "habitual offender" under section 577.010.2(6)(a), however, the offense is enhanced to a class B felony. As relevant to this appeal, a habitual offender is "a person who has been found guilty of … five or more [IRTOs] committed on separate occasions." § 577.001(11)(a). When Shepherd committed the present DWI offense in March 2017, IRTOs were defined as:

> [D]riving while intoxicated, driving with excessive blood alcohol content, driving under the influence of alcohol or drugs in violation of a county or municipal ordinance, or an offense in which the defendant was operating a vehicle while intoxicated and another person was injured or killed in violation of any state law, county or municipal ordinance, any federal offense, or any military offense[.]

§ 577.001(15). In other words, Missouri law contemplates four categories of conduct that qualify as IRTOs: (1) driving while intoxicated; (2) driving with excessive blood alcohol content; (3) driving under the influence of alcohol or drugs in violation of a county or municipal ordinance;[4] and (4) operating a vehicle while intoxicated and another person

---

admissible and addresses only whether that record was sufficient to prove Shepherd's habitual offender status.

[3] Unless otherwise noted, all statutory references are to RSMo 2016 (effective January 1, 2017, to August 27, 2017), which were in effect at the time of Shepherd's present offense.

[4] Prior and subsequent versions of section 577.001(15) included the words "of a state law" immediately before the words "county or municipal ordinance" in the third clause pertaining to driving under the influence of alcohol. Shepherd's case arose in the brief period during which

was injured or killed in violation of any state law, county or municipal ordinance, any federal offense, or any military offense.[5] Accordingly, the issue in this case is whether the state proved five or more instances of conduct that qualify under the first two applicable IRTO categories and, in particular, whether Shepherd's driving record from Colorado[6] – without more – constitutes such proof. It does not.

First, Shepherd contends the state must satisfy the version of section 577.001(15) and the definitions of the words used in that section that were in effect at the time of his present offense rather than those in effect at the time of the prior Colorado offenses. This is correct. The enhancement provision in section 577.010.2(6)(a) and the definition provided in section 577.001(15) speak only at the time of the enhancement, i.e., at the time of Shepherd's present offense, and there is nothing in the plain language of section 577.001(15) suggesting otherwise. Accordingly, this Court holds that a prior conviction qualifies as an IRTO only if the conduct involved constituted "driving while intoxicated" (or another portion of the IRTO definition in section 577.001(15)) as defined at the time

---

this phrase was missing from this third clause. Thus, because Shepherd's Colorado convictions are in violation of Colorado *state* law, they cannot qualify under the third category of IRTOs, which contemplates "driving under the influence of alcohol or drugs in violation of county or municipal ordinance."

[5]  Because Shepherd's Colorado convictions apparently do not involve the injuring or killing of another person, they also cannot qualify under the fourth category of IRTOs, which contemplates offenses "in which the defendant was operating a vehicle while intoxicated *and another person was injured or killed* in violation of any state law, county or municipal ordinance, any federal offense, or any military offense[.]" § 577.001(15) (emphasis added).

[6]  Shepherd suggests, in an argument not made below, that the language of this statute permits only Missouri convictions to be used to prove habitual offender status. Because the Court holds the evidence was insufficient to prove habitual offender status in this case on other grounds, the Court does not reach this issue.

of the current offense for which the state seeks enhancement, not the time of the conduct underlying the prior conviction.

We now move to the question of whether Shepherd's Colorado conduct could qualify under any of the four applicable IRTO categories, as they were defined at the time of the present offense. As an initial matter, it is important to note that Shepherd's Colorado conduct underlying his convictions, which constitute violations of state law that did not involve the injuring or killing of another person, could not possibly fall under IRTO categories three or four, which contemplate violations of county or municipal ordinances and offenses involving the injuring or killing of another person, respectively. We must determine, therefore, whether Shepherd was convicted in Colorado of conduct that constitutes either "driving while intoxicated" or "driving with excessive blood alcohol content" – the remaining two IRTO definitions.[7]

In making this determination, it is necessary first to determine what is meant by "driving" in the IRTO statute. As used in chapter 577 at the time of Shepherd's present offense, the word "driving" means "physically driving or operating a vehicle or vessel." § 577.001(9). This does not include merely being in "actual physical control" of a vehicle. *Cox v. Dir. of Revenue*, 98 S.W.3d 548, 550 (Mo. banc 2003).[8] Because IRTOs

---

[7] Shepherd does not argue his Colorado convictions cannot constitute IRTOs under either of these two definitions because the limitation in definition (3), i.e., that the out-of-state conviction was for a county or municipal ordinance violation and not a state law violation, also modifies definitions (1) and (2) as well. Because the Court is vacating Shepherd's sentence on the basis of arguments he does make, it need not address arguments he did not raise.

[8] Until 1996, "driving," as used in chapter 577, was defined as "physically driving or operating or *being in actual physical control* of a motor vehicle." § 577.001.1, RSMo 1994 (emphasis added). Being in actual physical control of a vehicle included being in a position to regulate a

5

are defined in chapter 577, the definition of "driving" provided in section 577.001(9) applies to the use of that term in the IRTO definition provided in section 577.001(15), including its use in the phrases "*driving* while intoxicated" and "*driving* with excessive blood alcohol content." As a result, a prior offense that was based solely on the defendant being in physical control of a vehicle while intoxicated cannot qualify as an IRTO under the definition in effect at the time of Shepherd's present offense because it did not involve "driving" as that word was defined at the time of Shepherd's present offense. This distinction is the key to identifying the failure of the state's proof.

The Colorado statutes under which Shepherd was convicted in his prior offenses made no distinction between "driving" a vehicle while in a proscribed condition and merely being in "actual physical control" of that vehicle. Colorado's "driving under the influence" statute, Colo. Rev. Stat. § 42-4-1301(1)(a) (Supp. 1996), made it "unlawful for any person under the influence or while impaired by the use of alcohol, drugs, or both to be in 'actual physical control' of a vehicle." *People v. Swain*, 959 P.2d 426, 431 (Colo. 1998) (affirming the defendant's conviction for driving under the influence when found in a truck with keys in the ignition but the engine was not running).[9] Accordingly, this

---

vehicle's movements. *Cox*, 98 S.W.3d at 550. In 1996, however, the General Assembly removed the phrase "being in actual physical control" from the definition of "driving" in section 577.001.1, RSMo Supp. 1997. As a result, this Court held being in actual physical control of a vehicle is no longer "driving" a vehicle for purposes of chapter 577. *Cox*, 98 S.W.3d at 550-51.

[9] The state contends *Swain*'s construction of Colorado law applies only from the date of *Swain* forward and the only inference that can be drawn from convictions occurring before *Swain* is that they were for "driving" a vehicle while intoxicated and not merely being in "actual physical control" of a vehicle while intoxicated. There is nothing in *Swain* to suggest it was changing any prior construction of Colorado law, however, and there are no Colorado cases adopting any different construction. In fact, *Swain* is based on *Brewer v. Motor Vehicle Division, Department*

Court concludes that – at all times relevant to this case – it was possible to violate Colorado's "driving under the influence" statute, Colo. Rev. Stat. § 42-4-1301(1)(a), either by driving a vehicle while under the influence of drugs or alcohol or by merely being in actual physical control of the vehicle while in that condition.

Colorado's "driving while impaired" statute, Colo. Rev. Stat. § 42-4-1301(1)(b) (Supp. 1996), also extends to merely being in actual physical control of the vehicle while impaired. Plainly, the word at issue in *Swain* (i.e., "drives") appears in both provisions. Moreover, the Colorado "driving while under the influence" and "driving while impaired" provisions are subsections of the same statute, and it is not credible that the Colorado Supreme Court would give "drives" one interpretation in the first subsection concerning "driving while under the influence" and a different interpretation to "drives" in the very next subsection concerning "driving while impaired." Indeed, *Swain* drew no distinction between the two anywhere in the opinion and addressed both in its concluding paragraph:

> In sum, we hold that section 42-4-1301 makes it unlawful for any person **under the influence or while impaired** by the use of alcohol, drugs, or both to be in "actual physical control" of a vehicle. Accordingly, the judgment of the district court is reversed, and the cause is remanded to the district court with directions to reinstate the judgments of conviction and sentences imposed for DWAI and driving without a driver's license.

*Swain*, 959 P.2d at 431 (emphasis added).

---

*of Revenue*, 720 P.2d 564, 567 (Colo. 1986) (construing "drove" to include being in actual physical control of a vehicle for purposes of Colorado informed consent law), and *Swain* noted the Colorado legislature had not rejected the *Brewer* construction in the intervening 12 years. *Swain*, 959 P.2d at 430.

As a result, every one of Shepherd's seven prior Colorado convictions, whether for "driving" under the influence or while impaired, could have been for ***driving*** a vehicle in either condition or for being in actual physical ***control*** of a vehicle in either condition. Only the former, however, satisfies the definition of an IRTO in effect at the time of Shepherd's present offense. In other words, the Colorado offenses prohibited conduct that constituted "driving" as that term was used in Missouri's IRTO statute and defined in section 577.001(9) at the time of Shepherd's present offense, but they also prohibited conduct that would not be considered "driving" as that term was used in section 577.001(15) and defined in section 577.001(9).

In circumstances such as these (i.e., when the defendant was convicted in another state under a statute prohibiting both conduct that does meet the applicable definition of an IRTO in Missouri and conduct that does not), this Court holds that it is the state's burden to prove beyond a reasonable doubt, *State v. Craig*, 287 S.W.3d 676, 681 (Mo. banc 2009), not merely that this out-of-state conviction occurred but also that the conviction arose from conduct that meets the definition of an IRTO under Missouri law at the time of the present offense.[10]

---

[10]  From time to time, the court of appeals has stated that – in addition to meeting the applicable definition of an IRTO – the conduct underlying a prior out-of-state conviction must also constitute a crime under Missouri law in effect at the time of the present offense. *See, e.g., State v. Coday*, 496 S.W.3d 572, 576 (Mo. App. 2016) ("[I]n determining whether a defendant is a [habitual] offender, [a court] must determine whether the acts constituting the foreign conviction constitute the commission of a crime under Missouri law."); *State v. Gibson*, 122 S.W.3d 121, 130 (Mo. App. 2003) (holding the defendant's prior municipal DWI was not an IRTO because it would no longer constitute the state offense of DWI under section 577.010, as defined in 2001). But nothing in the plain text of the IRTO definition in section 577.001(15) supports such a requirement, and this Court has no authority to impose requirements the legislature chose not to enact. Accordingly, to the extent *Coday*, *Gibson*, and similar cases purport to require that the

8

Here, the state failed to show that five or more of Shepherd's Colorado convictions were for conduct that qualifies as "driving" while intoxicated or with excessive blood alcohol content under the definitions of an IRTO and "driving" that were in effect at the time of Shepherd's present offense. The state's proof consisted solely of a copy of Shepherd's Colorado driving record, which showed seven prior Colorado convictions for conduct that may – or may not – qualify as an IRTO under the applicable Missouri law. There was *no* evidence regarding the nature of the *conduct* underlying Shepherd's Colorado convictions, i.e., whether he was convicted for actually driving while in a proscribed condition or was merely convicted for being in actual physical control of a vehicle while in such a condition.

Nevertheless, the state argues its evidence was sufficient to prove five or more IRTOs because, even if one (or all) of the Colorado convictions "might" have been for merely being in actual physical control of a vehicle while under the influence of or impaired by drugs or alcohol, the circuit court was free to infer from the driving record alone that at least five of them were not, i.e., that at least five of them were for driving a vehicle while in a proscribed condition and not being merely in actual physical control. This Court rejects this argument.

---

conduct underlying a prior out-of-state conviction must qualify as an IRTO under the definition in effect at the time of the present offense *and* that such conduct must be a crime under Missouri law at the time of the present offense, those cases are now overruled.

9

With three exceptions,[11] there is nothing in Shepherd's Colorado driving record that proves – or even suggests – *anything* about whether these convictions were for driving while in a proscribed condition versus merely being in actual physical control while in that condition. On the face of the Colorado driving record, without more, there was simply no evidence – nor any basis from which to draw a reasonable inference – as to whether the remaining four convictions involved conduct that qualifies as "driving" as that term is used in the applicable version of Missouri's IRTO definition. Those four convictions *might* have been for driving while intoxicated or with excessive blood

---

[11]  Shepherd's Colorado driving record shows three of his convictions (i.e., the driving under the influence conviction for conduct in 2000 and the driving while impaired convictions for conduct in 1984 and 1988) involved accidents. Shepherd concedes that the fact the record shows an accident was involved breaks the silence as to whether the conviction was for driving or merely being in actual physical control and allows the circuit court to infer that the underlying conduct was the former. But he makes this concession only as to the 2000 conviction. He maintains that – even if his Colorado driving record supplies evidence showing two of his convictions for driving while his ability was impaired by drugs or alcohol were for driving and not merely being in actual physical control – those do not qualify as IRTOs because he maintains the levels of blood alcohol required to establish a presumption of intoxication or impairment are different under Colorado law and Missouri law. The Court rejects this argument because it confuses the elements of the two criminal statutes with the evidence that can be used to prove a violation of those statutes. Driving while intoxicated in Missouri means that the defendant operated a motor vehicle in an intoxicated condition. § 577.010.1. "[I]ntoxicated condition" is defined as "when a person is under the influence of alcohol, a controlled substance, or drug, or any combination thereof." § 577.001(13). That influence need only be slight. *See State v. Schroeder*, 330 S.W.3d 468, 475 (Mo. banc 2011) ("Missouri courts have also recognized that a driver is in an 'intoxicated condition' for purposes of a DWI prosecution if his use of alcohol impairs his ability to operate an automobile."); *State v. Raines*, 62 S.W.2d 727, 729 (Mo. banc 1933) ("Any intoxication that in any manner impairs the ability of a person to operate an automobile is sufficient to sustain a conviction under the statute in question."). Colorado law defines that a person is "driving while ability impaired" when the consumption of alcohol or drugs (or both) "affects the person to the slightest degree so that the person is less able than the person ordinarily would have been, either mentally or physically … to exercise clear judgment, sufficient physical control, or due care in the operation of a vehicle." Colo. Rev. Stat. § 42-4-1301(1)(g). Accordingly, proof of driving while ability impaired under Colorado law, whether proved by presumption based on blood alcohol content or otherwise (including by admission in the course of a guilty plea) constitutes proof of driving while intoxicated under Missouri law.

alcohol content, or they might have been for merely being in actual physical control of a vehicle while in such a condition. Despite the fact that this distinction is critical to whether Shepherd's Colorado convictions qualify as IRTOs, the state's evidence was silent on this issue.

The state argues the circuit court was entitled to fill this void with an inference that the Colorado convictions were for "driving" and not merely being in actual physical control. True, the circuit court can choose to believe all, part, or none of the evidence, and can – if persuaded – draw any reasonable inference such evidence supports, but the key word overlooked in the state's argument is the word "reasonable." For four of Shepherd's Colorado convictions, the driving record is entirely silent as to whether he was driving or merely in actual physical control of the vehicle and such silence provides ***no basis***, let alone a reasonable one, for inferring the former is true and not the latter. When the evidence is utterly silent about the existence or non-existence of some fact, and the finder of fact draws from such silence a conclusion about that fact, this is mere supposition or speculation. It is not an inference, and certainly not a reasonable inference. *Draper v. Louisville & N.R. Co.*, 156 S.W.2d 626, 630 (Mo. 1941) ("[C]onjecture based on the possibility that a thing could have happened" or "an idea or notion founded on the probability that a thing may have occurred, but without proof that it did occur" is not an inference but rather a "supposition.").

To be clear, the flaw in the state's case is not that the evidence gave rise to two equally likely inferences as to whether the conduct underlying the four Colorado convictions qualify as IRTOs under Missouri law at the time of the present offense. Had

11

that been the case, the circuit court could draw whichever inference it was persuaded to draw. Instead, the problem is that the evidence in this case gave rise to *no* inference, and certainly no reasonable inference, on that issue with respect to four of the Colorado convictions. As explained above, there was a reasonable basis in the driving record to infer that three of the Colorado convictions qualified as IRTOs under the applicable Missouri law, but no basis at all from which to draw a similar inference regarding the other four convictions. Because the state was required to prove five or more IRTOs to enhance Shepherd's sentence for the present offense on the ground that he was a "habitual offender" under section 577.010.2(6)(a), the sentence imposed was beyond the lawful range for the present offense.

## Conclusion

For the reasons set forth above, the state failed to meet its burden of proving beyond a reasonable doubt that Shepherd was convicted of at least five prior IRTOs based solely on his Colorado diving record. As a result, the circuit court erred in

sentencing him as a habitual offender. The judgment of the circuit court, therefore, is

vacated, and the case is remanded for resentencing.[12]

_____
Paul C. Wilson, Chief Justice

Russell, Powell, Fischer, JJ., and Thomson, Sp.J.,
concur; Breckenridge, J., concurs in part and dissents
in part in separate opinion filed; Draper, J., dissents in
separate opinion filed. Ransom, J., not participating.

---

[12] The case is remanded for resentencing because Shepherd concedes there was sufficient evidence for the circuit court to infer, if it is persuaded to do so, that Shepherd had one prior IRTO and, as explained herein, there was sufficient evidence for the circuit court to infer he had two more, subject to any further legal arguments Shepherd may raise not resolved herein. *See State v. Collins*, 849 S.W.2d 228 (Mo. App. 1993) (holding that finding a lower enhancement on remand is allowable but emphasizing that additional evidence of IRTOs beyond those adduced in the initial trial is not permissible).



# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI,                          )
                                            )
                Respondent,     )
                                            )
v.                                          )     No. SC99081
                                            )
TIMOTHY A. SHEPHERD,                        )
                                            )
                Appellant.       )

## OPINION CONCURRING IN PART AND DISSENTING IN PART

I concur with the principal opinion's holding that the version of section 577.001(15)[1] in effect at the time Timothy Shepherd committed the offense sought to be enhanced is the version that must be applied to determine whether his prior offenses are intoxication-related traffic offenses ("IRTOs"). I also concur that the Colorado record showing nothing more than the fact of convictions for driving under the influence of alcohol or drugs ("DUI") and driving while impaired in violation of Colorado law did not support an inference that the offenses involved "driving," as defined in section 577.001(15), because Colorado includes within its definition of driving being in actual physical control of a vehicle. Further, I concur in overruling the holdings in *State v. Gibson*, 122 S.W.3d 121 (Mo. App. 2003), *State v. Coday*, 496 S.W.3d 572 (Mo. App.

---

[1] All statutory references are to RSMo 2016, unless otherwise noted.

2016), and similar cases to the extent they require a prior offense to constitute the commission of a present-day crime in Missouri in order to qualify as an IRTO. I respectfully dissent, however, from the principal opinion's determination that a DUI in violation of state law is an IRTO under section 577.001(15) and the resulting holding that the state presented sufficient evidence of three IRTOs.

Because the principal opinion adequately explains the holdings with which I concur, this opinion will explain only the point of dissent. Mr. Shepherd's certified Colorado driving record showed three of Mr. Shepherd's prior offenses involved accidents – his DUI in violation of state law for conduct in 2000 and his driving while impaired offenses for conduct in 1984 and 1988. The principal opinion is correct that, for those three offenses, it can be inferred Mr. Shepherd's conduct involved driving, so the ambiguity in Colorado's definition of driving does not preclude the three offenses from qualifying as IRTOs. The analysis of these three offenses, therefore, requires going beyond whether they involved driving to decide whether they otherwise qualify as IRTOs.

Neither DUI in violation of state law nor driving while impaired are listed as IRTOs. Section 577.001(15). The omission of those offenses raises the question of whether a conviction for an offense that is not labeled the same as the listed offenses meets the definition of an IRTO in section 577.001(15). In deciding how courts should treat foreign convictions for offenses that, in name, do not correspond to an IRTO, it is helpful to compare the language of another statute that also considers whether out-of-state convictions have consequences in Missouri.

2

For purposes of assessing points and suspension or revocation of a driver's license, section 302.160 provides:

> When the director of revenue receives notice of a conviction in another state or from a federal court, which, if committed in this state, would result in the assessment of points, the director is authorized to assess the points and suspend or revoke the operating privilege when the accumulated points so require as provided in section 302.304.

In *McIntyre v. David*, 431 S.W.2d 216, 220 (Mo. 1968), this Court considered whether California's "Misdemeanor Drunk Driving" offense that made it a crime for "any person who is under the influence of intoxicating liquor, . . . to drive a vehicle upon any highway" would result in the assessment of 12 points if committed in this state. The Court found "'under the influence of intoxicating liquor' as used in said Section 23102(a) of the California Vehicle Code [was] synonymous with 'while in an intoxicated condition' as used in [s]ections 564.440 and 302.302, subd. 1(7)[, RSMo 1959,];" therefore, a conviction of an offense under the California statute, if committed in this state, would result in the assessment of 12 points. *Id.* *McIntyre*'s reasoning should be applied here. Foreign convictions for offenses that do not correspond to an IRTO may generally qualify as IRTOs if they are synonymous with an offense listed as an IRTO.

Accepting that IRTOs generally include synonymous offenses, the principal opinion reaches the correct conclusion that Mr. Shepherd's driving while impaired convictions involving accidents qualify as IRTOs. The accidents resolve any ambiguity about whether the driving while impaired convictions involved "driving," as defined in section 577.001(9), and the offense is synonymous with a Missouri DWI.

3

It is tempting to say the same for Mr. Shepherd's convictions for DUI in violation of state law but for one significant difference. When Mr. Shepherd committed the present DWI offense in March 2017, section 577.001(15) included the offense of "driving under the influence of alcohol or drugs" as an IRTO only if the DUI was "in violation of a county or municipal ordinance." This is in contrast to the other listed offenses, which included violations of state law. Therefore, under the plain language of section 577.001(15), DUI in violation of state law was not an IRTO; only DUI in violation of a county or municipal ordinance qualified.[2]

The omission of DUI in violation of state law must be given effect. The general rule that synonymous foreign convictions qualify as IRTOs cannot apply to Mr. Shepherd's convictions for DUI in violation of state law for it would give no effect to section 577.001(15)'s express inclusion of only DUIs in violation of a county or municipal ordinances and plain omission of DUI in violation of state law. Concluding, as the principal opinion does, that a DUI in violation of state law is an IRTO because it amounts to a DWI runs afoul of section 577.001(15)'s plain language.

If DUIs in violation of state law are IRTOs because they are DWIs, then the principal opinion's interpretation gives no effect to the omission of DUI in violation of

---

[2] Though resort to statutory construction is unnecessary because section 577.001(15), as written, does not include DUI in violation of state law, statutory construction reinforces its plain meaning. Under the familiar maxim *expressio unius est exclusio alterius*, when a statute designates the persons or things to which it refers, courts should infer that all omissions are intentional exclusions. *See Greenbriar Hills Country Club v. Dir. of Revenue*, 47 S.W.3d 346, 352 (Mo. banc 2001) (finding omissions from an enumerated list in section 536.085, RSMo 1994, were intentional exclusions). Applying the maxim here, the Court should infer the omission of DUI in violation of state law was intentionally excluded from the list of IRTOs in section 577.001(15).

4

state law and the express inclusion of only DUI in violation of county or municipal ordinance. It also brings into question the effect of the 2017 amendment to section 577.001(15), which added DUI in violation of state law to the list of IRTOs. If DUI's in violation of state law were already IRTOs under section 577.001(15) because they are interchangeable with DWIs, then adding DUIs in violation of state law to the list of IRTOs in section 577.001(15), RSMo Supp. 2017, would be a meaningless act. The principal opinion's interpretation also renders the express inclusion of DUIs in violation of a county or municipal ordinance completely superfluous, for DUIs in violation of county or municipal ordinance would surely amount to a DWI in the same way a DUI in violation of a state law would.

The only way to give effect to the express inclusion of DUI in violation of county or municipal ordinance and the omission of DUI in violation of state law is to hold a DUI in violation of state law is not an IRTO. For these reasons, I respectfully dissent from the principal opinion's holdings that a DUI in violation of state law is an IRTO under section 577.001(15) and that the state presented sufficient evidence of three IRTOs. The DUI in violation of state law is not an IRTO, so the state presented sufficient evidence of only two IRTOs. Mr. Shepherd's sentence should be vacated, and the case should be remanded.


_____
PATRICIA BRECKENRIDGE, JUDGE


5



# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI,         )
                             )
           Respondent,   )
                             )
v.                            )   No. SC99081
                             )
TIMOTHY A. SHEPHERD,    )
                             )
           Appellant.    )

## DISSENTING OPINION

I dissent from the principal opinion because I believe it fails to analyze this issue properly. The determination of what criteria must be met for a prior out-of-state conviction to qualify as an intoxication-related traffic offense (hereinafter, "IRTO") is a question of first impression for this Court. Due to the unique facts and circumstances of this case, I would affirm Timothy A. Shepherd's (hereinafter, "Shepherd") enhanced sentence.

Shepherd challenged the sufficiency of the evidence from which he was found to be a habitual offender. Shepherd claimed the substance of his prior Colorado IRTO convictions do not correspond to the conduct the Missouri legislature sought to deter by enhancing sentencing for habitual offenders who have committed IRTOs.

Reviewing the sufficiency of the evidence "is limited to ascertaining whether the [s]tate presented sufficient evidence 'from with a trier of fact could have reasonable found the defendant

guilty.'" *State v. McCord*, 621 S.W.3d 496, 498 (Mo. banc 2021) (quoting *State v. Vandevere*, 175 S.W.3d 107, 108 (Mo. banc 2005)). This Court reviews "the evidence and inferences in the light most favorable to the verdict, ignoring all contrary evidence and inferences." *Id*. (quoting *State v. Niederstadt*, 66 S.W.3d 12, 14 (Mo. banc 2002)). "This is not an assessment of whether the Court believes that the evidence at trial established guilt beyond a reasonable doubt but rather a question of whether, in light of the evidence most favorable to the [s]tate, any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt." *State v. Stewart*, 560 S.W.3d 531, 533 (Mo. banc 2018) (quoting *State v. Wright*, 382 S.W.3d 902, 903 (Mo. banc 2012)). This Court's interpretation of a statute is *de novo*. *McCord*, 621 S.W.3d at 498.

Shepherd claims the state failed to prove he had been found guilty of five or more IRTOs because it failed to lay a foundation that his Colorado convictions "actually are DWIs as compared to Missouri law or Colorado law." The crux of his argument is that his prior Colorado convictions are not IRTOs because the Colorado statutes under which he was convicted encompass conduct that would—and conduct that would not—amount to the current Missouri offense of driving while intoxicated. Specifically, he asserts the Colorado statutes under which he was convicted made it unlawful to drive or be in actual physical control of a vehicle while under the influence of alcohol or drugs or while ability-impaired by alcohol or drugs. In contrast, being in physical control of a vehicle while under the influence currently does not constitute a Missouri offense of driving while intoxicated because it does not involve "driving," as that term is defined statutorily for purposes of chapter 577.[1]

---

[1] Until 1996, "driving," as used in chapter 577, was defined as "physically driving or operating or *being in actual physical control* of a motor vehicle." Section 577.001.1, RSMo 1994 (emphasis

2

## Statutory Analysis

"The primary goal of statutory interpretation is to give effect to legislative intent, which is most clearly evidenced by the plain text of the statute." *Gross v. Parson*, 624 S.W.3d 877, 884 (Mo. banc 2021). "When a statute defines a term, that definition is given effect." *Am. Nat'l Life Ins. Co. of Tex. v. Dir. of Revenue*, 269 S.W.3d 19, 21 (Mo. banc 2008). Otherwise, a statute's words are "taken in their plain or ordinary and usual sense." Section 1.090.

Driving while intoxicated is a class B misdemeanor. Section 577.010.2(1).[2] If the defendant is a habitual offender, however, the offense is enhanced to a class B felony. Section 577.010.2(6)(a). A habitual offender is "a person who has been found guilty of five or more [IRTOs] committed on separate occasions." Section 577.001(11)(a). When Shepherd committed the present driving while intoxicated offense in March 2017, IRTOs were defined as:

> [D]riving while intoxicated, driving with excessive blood alcohol content, driving under the influence of alcohol or drugs in violation of a county or municipal ordinance, or an offense in which the defendant was operating a vehicle while intoxicated and another person was injured or killed in violation of any state law, county or municipal ordinance, any federal offense, or any military offense[.]

Section 577.001(15).

Section 577.023.4 sets forth the type of evidence that may be used to prove prior IRTOs. Here, the state submitted a certified copy of Shepherd's Colorado driving records from the

---

added). Being in actual physical control of a vehicle included "being in a position to regulate a vehicle's movements." *Cox v. Dir. of Revenue*, 98 S.W.3d 548, 550 (Mo. banc 2003). In 1996, however, the general assembly removed the phrase "being in actual physical control" from the definition of "driving" in section 577.001.1, RSMo Supp. 1997. As a result, this Court held being in actual physical control of a vehicle no longer constitutes "driving" a vehicle for purposes of chapter 577. *Id.*

[2] Unless otherwise noted, all statutory references are to RSMo 2016.

3

Colorado department of revenue. These records indicate Shepherd has seven prior IRTO convictions and indicate he either "Drove Vehicle While Under Influence of Alcohol and or Drugs" or "Drove Vehicle While Ability Impaired by Alcohol and or Drugs." This record demonstrates Shepherd has more than five separate, prior IRTOs, which would classify him as a habitual offender pursuant to section 577.001(11)(a). I would find there is no need to "go behind the curtain" of the certified Colorado driving record to determine whether those prior convictions *currently* would be punishable in Missouri. The legislature codified its determination that certified driving records would be evidence of proof of a defendant's status as a prior offender. Section 577.023.4; *see also State v. Collins*, 328 S.W.3d 705, 708 n.4 (Mo. banc 2011) (finding defendant's driving record, which listed his prior convictions, established defendant pleaded guilty to or was found guilty of those offenses). I would not create and insert language into the statute, requiring an additional, and possibly burdensome, step in this analysis. This record demonstrates Shepherd has more than five separate, prior IRTOs, which would classify him as a habitual offender under Missouri law.

Additionally, it is clear the legislature did not intend to limit IRTOs to only violations of Missouri law. "[H]ad the [g]eneral [a]ssembly intended to restrict [section] 577.023 to convictions of [IRTOs] in violation of only Missouri State law, there would be no reason to include the crime 'driving under the influence of alcohol' in the definition of [IRTO]." *State v. Ryan*, 813 S.W.2d 898, 903 (Mo. App. S.D. 1991). The inclusion of such an offense signifies "a legislative intent to allow convictions of [IRTOs] in violation of the laws of other states to be used for enhancement under [section] 577.023." *Id*. To require that prior offenses be based on acts that would constitute a Missouri state offense at the time of the current offense, if

4

committed in Missouri, the Court would have to add words to section 577.001(15) under the auspice of discerning legislative intent, which it unquestionably cannot do. *State v. Rowe*, 63 S.W.3d 647, 650 (Mo. banc 2002); *Doyle v. Tidball*, 625 S.W.3d 459, 466 (Mo. banc 2021).

The principal opinion's analysis of determining the applicable IRTO convictions for purposes of enhancement endangers Missouri citizens, whom the legislature sought to protect. Stated differently, if at the time the out-of-state IRTO were committed the other jurisdiction would have sanctioned the conduct, the IRTO conviction should be allowed to enhance sentencing regardless of any current Missouri statutory definitions. Failure to abide by this approach also would disqualify all prior Missouri IRTOs that do not meet a present definition from enhancing an offender's sentence. Excluding some prior IRTO convictions from enhancing a conviction when they previously would have been applicable is disturbing. I believe this was not the legislature's intent, thwarts the legislature's attempt to keep habitual offenders off our roadways, and endangers our citizens. Accordingly, I would affirm the circuit court's judgment.

_____
GEORGE W. DRAPER III, Judge

5